### LUCY P. DAVIS ET AL. v. J. B. COLEMAN ET AL.

#### Decided May 5, 1897.

1. **Survey—Conflicting Calls.**

   Upon the evidence in this case, an instruction allowing the jury to ascertain the boundaries of a survey by course and distance from an ascertained corner of another survey was erroneous, because it permitted them to disregard ascertainable corners of other connecting surveys which might bear upon the question of the true location.

2. **Same.**

   Such charge was also erroneous in disregarding evidence (acts and declarations of the locating surveyor in making subsequent adjoining surveys) tending to identify the actual location of the line in controversy, upon the ground, without reference to the corner assumed in the charge as controlling.

3. **Same—Question of Fact.**

   See evidence under which the location of the lines of a survey was a question of fact for the jury, and the charge should not have suggested that they control their finding by any one portion of the testimony.

4. **Liens—Foreclosure—Harmless Error.**

   Defendants, pleading failure of consideration to a suit on one of several vendor's lien notes, made the holder of another of such notes, not yet due, a party to the suit, but, not having prayed for an adjustment of the rights of all the parties, they were not entitled to complain of the action of the court in denying a recovery on such other note because not yet due.

5. **Vendor's Lien—Foreclosure—Note Not Due.**

   In a proceeding to foreclose one of several vendor's lien notes given on sale of the same tract of land, all the notes secured by the lien, though one was not yet due, could and should have been prosecuted to judgment in one suit.

APPEAL from Coleman. Tried below before HON. J. O. WOODWARD.

The field notes contained in the patent of survey No. 7, referred to in the opinion, were as follows: "Beginning at the S. W. cor. of section No. 5, sd. Richardson; thence W. 1134 vrs. to stk. set, mkd. L68; thence N. 2950 vrs. to N. E. cor. of sec. No. 71, block 1, H. & T. C. R. R. Co.; thence N. 75 degrees E. 140 vrs. to a stk.; thence north 15 W. 102 vrs. stk. set in E. line of sec. No. 72, sd. block 1; thence north 75 degrees E. 1041 vrs. to a stake set in W. line of sect. No. 210, B. B. B. & C. R. R. Co.; thence S. 304 vrs. to S. W. cor. of said section No. 210; thence E. 21 vrs. to N. W. cor. of sect. No. 6; thence S. 3048 vrs. to the beginning."

The accompanying plat from the record shows the relation of the various surveys mentioned in the opinion.

H. C. *Randolph*, for appellants.—1.   The fact that one of a series of notes is not due should not prevent a court from making an adjustment of the matter at issue, including the note not due.

2.   The court should not in its charge give undue prominence to any one call of a survey over other calls of same survey.   Scott v. Pettigrew, 72 Texas, 321; Fordtran v. Ellis, 58 Texas, 245; Jones v. Andrews, 62 Texas, 652; same case, 72 Texas, 5.

3.   The court erred in refusing to give the jury defendants' special charge number 2, as requested by them, which special charge is in

words as follows, to wit: "You are charged, that if you believe from the evidence that the northeast corner of section No. 9 is established and identified on the ground, then you are instructed that the north line of said section No. 9 can go no further than said corner." Atkins v. Goode, 78 Texas, 126.

*J. P. Ledbetter*, for appellee.—1. The Court did not err in sustaining the special exception complained of. There could have been no judgment entered making any equitable adjustment of this note in the absence of any pleadings calling for same, or any other judgment not based on the pleadings of the parties. If error, it was rendered harmless by the verdict of the jury. McKey v. Welch, 22 Texas, 397; Cox v. Reinhardt, 41 Texas, 591; Seeligson v. Hobby, 51 Texas, 147.

2. The special charge complained of, taken in connection with the court's general charge, was not objectionable as giving undue prominence to any particular calls of any survey, but said charge only suggested one of the legal means of locating the land in controversy, that was, to start from some well identified corner of an adjoining survey called for in the survey in controversy. The beginning corner of a survey is of no greater weight or importance in determining boundaries than any other corners which may be established on the ground. Johnson v. Archibald, 78 Texas, 96; Phillips v. Ayres, 45 Texas, 601; Boon v. Hunter, 62 Texas, 582; Davidson v. Killen, 68 Texas, 406; Ayers v. Harris, 64 Texas, 296; Scott v. Pettigrew, 72 Texas, 321.

COLLARD, Associate Justice.—This is a suit by appellee J. B. Coleman against Lucy P. Davis and her husband, James M. Davis, on a note for $126.43, dated August 14, 1889, due October 10, 1894, interest and attorney's fees, payable to order of J. D. Davidson, at Coleman, Texas, indorsed to appellee Coleman; and to foreclose vendor's lien on land sold by Coleman and Davidson to Lucy P. Davis as her separate property, the deed being of same date as the note, and reciting cash paid $295 and the further consideration of seven notes, each for $126.43, due respectively on October 10, 1890, 1891, 1892, 1893, 1894, 1895, and 1896—the note due in 1894 being the one sued on.

The land conveyed to Mrs. Davis is described as follows: "Being a part of section 9, block R, in Fisher County, Texas. Beginning at a stake for the N. W. corner of section No. 8, a hackberry tree 4 inches in dia. brs. W. 4 vrs., a mesquite brs. S. 45 E. 5 vrs.; thence N. 15 W. crossing California Creek 1822 vrs., a stake for N. W. corner of this tract and the N. W. cor. of sec. No. 9; thence N. 75 E. 2074 vrs. to stake in W. line of sec. No. 212, in name of B. B. B. & C. R. R. Co.; thence S. 1886 vrs. to stake for S. W. corner; thence S. 75 W. 1581 vrs. to the place of beginning."

The deed reserves vendor's lien to secure the notes, and contains a general warranty to the vendee.

Defendants answered by general denial and plea of failure of consideration, in that the vendee paid the cash payment stated at the time of pur-

chase; that the other notes besides the note sued on—six notes—were in consideration of the balance of the purchase money for the land—590 acres; that the deed warranted the title to the land; that all the notes except that sued on and the two dated respectively October 10, 1895, and 1896, have been paid by defendants; that, prior to the sale to defendant Mrs. Davis, Davidson, and Coleman had sold to one Mrs. Mary Borg all that portion of section No. 9 off the south part of the same 492 varas wide, and in their deed to defendant call to commence 492 varas north of the south line of No. 9, and the deed to defendant attempted to convey a strip 492 varas north of section No. 9, which strip 492 varas wide is in conflict with other well-established surveys—to wit, pre-emption surveys of H. L. Davis and A. B. Davis. By reason of all which Mrs. Davis, by her deed from Coleman and Davidson, only gets 419 1-2 acres of land, and her survey is short 170 1-2 acres; wherefore there is a total failure of consideration of the note sued on and the two notes due in 1895 and 1896.

It is also alleged in the answer that the other two notes are owned and held by Francis Smith & Co., and it is asked that they be made parties defendant, that the note sued on be canceled, and that if Francis Smith & Co. recover of defendants, they have judgment over against plaintiff. Defendants also pleaded credits.

September 10, 1896, Francis Smith & Co. answered by general denial, set up the two notes as their property by due course of trade, held by them as innocent purchasers, and prayed for judgment for amount of the same, with stay of execution until after the last note is due—October 10, 1896— as the court in equity may direct.

Plaintiff replied, excepting generally to the answer of the original defendants and denying the same, and on the same day excepted generally and specially to the answer of Francis Smith & Co., and denied their answer generally.

September 10, 1896, the court overruled all plaintiff's demurrers, except that to defendants Francis Smith & Co.'s answer setting up note due October 10, 1896, which was sustained, and struck out that part of their answer asking recovery on the note not due. September 11, 1896, verdict and judgment were rendered for defendants Francis Smith & Co. on their note due October 10, 1895, and in favor of the plaintiff against defendants for the amount of his note, and foreclosure. Defendants have appealed.

*Opinion.*—We believe the judgment of the lower court should be reversed because of error in the following paragraph of the court's charge, given at request of plaintiff, complained of in appellants' third assignment of error.

The jury were instructed that if the 590 acres of land described in the deed of Coleman and Davidson to Lucy P. Davis is included in the patent to section No. 9, in the name of Richardson, the verdict should be for the plaintiff. The charge then proceeds: "And in determining whether it is so included, you will take into consideration the lines and corners, if any, of other surveys called for in patent to survey No. 9, and lines and corners

called for in sections No. 7 and 8, and if you believe that the northwest corner of survey No. 7, W. E. Richardson, was originally located by the surveyor who located said No. 7, at a point 304 varas north of the southwest corner of section No. 210, Buffalo Bayou, Brazos & Colorado Railroad Company, and further believe said southwest corner of 210 survey is a well marked and identified corner and easily found on the ground, then you may adopt said identified corner as a beginning corner of said section No. 8, and determine the northeast corner by course and distance called for in No. 8, and determine the northeast corner of No. 9 by course and distance called for in No. 9, from the northeast corner of said corner of No. 8."

The apparent error in this charge is in making the southwest corner of survey No. 210 control all other calls and testimony fixing the place of survey No. 9 further south by 492 varas than it would be if established by course and distance of the three surveys—Nos. 7, 8, and 9—from the southwest corner of survey No. 210, or, more exactly, 304 varas north of such corner. If there were no contravening testimony tending to show that distance was lost in reaching the north line of section No. 9, and tending to show that the line could be located 492 varas south of where the court's charge would fix it, the charge would be correct. But there was such testimony, which the charge not only ignored but practically withdrew from the consideration of the jury.

Sections 5, 6, 7, 8, and 9 were surveyed for W. E. Richardson and patented June 15, 1883, and are constructed from south to north, the east line of No. 8 and 9 running due north and the west line running north 15 west. Sections 8 and 9 lie between a block of surveys made for the Buffalo Bayou, Brazos & Colorado Railroad Company on the east and another block for the Houston and Texas Central Company on the west, sections 7, 8, and 9 calling for these surveys on the east and west. Section 7 ells around the southeast corner of No. 72, Houston & Texas Central Railroad Company, which, according to the testimony, has a well identified corner at the southwest, as have sections 71 and 73, and section 7 calls for the northeast corner of section 71, which is in the south line of section 72, 140 varas from its southeast corner. Section 7 also ells around the section 210, surveyed for the Buffalo Bayou, Brazos & Colorado Railroad Company. But we can not see why the call for the southwest corner of section 210 should be made so prominent in the charge and given such precedence over the calls for Nos. 71 and 72. The charge should not have excluded this testimony from the consideration of the jury. No. 8 is based on No. 7, and No. 9 on the former. There was testimony also which tended to establish the northwest corner of section No. 9, and consequently the very line in question, which fixes it where defendants say it is—492 varas farther south than as claimed by plaintiff.

One E. A. Williams surveyed the block of surveys for Richardson— sections Nos. 5, 6, 7, 8, and 9—in 1882 or 1883. This same surveyor subsequently located the Lyons survey on vacant land north of section No.

9. The H. C. Lyons was abandoned, and afterwards the land covered by Lyons was taken up by pre-emptions—H. L. Davis, A. B. Davis, T. R. Taylor, and J. M. Yopp, whose surveys covered all the Lyons survey.

Sam H. Lyons, a surveyor, testified that he was present and assisted Williams in making the Lyons survey of 474 1-3 acres. He says: "We began the H. C. Lyons at a stake, by which I placed a stone for the north-west corner of section No. 9. It was done by the surveyor who located section No. 9. There the southwest corner of H. C. Lyons was a marked mesquite bearing, to which I set a stone. The corner was made by E. A. Williams in about 1882 or 1883. It was made for the northwest corner of No. 9. I was not there when it was first made. I was only there when we made the Lyons survey. I was with E. A. Williams when he tested the H. C. Lyons boundaries once since. We surveyed all around the H. C. Lyons boundaries as first made, and found but little difference in that and the former survey. I have seen said corner quite a number of times since; the last time near two years ago."

It is true that there is no stone called for as the northwest corner of section No. 9, nor is there any mesquite bearing, mentioned in its field notes, at this corner; but the testimony, for whatever it was worth, should not have been withdrawn from the jury. We do not mean to intimate that the evidence alluded to which was ignored by the court below should control the location of section No. 9, but that it should have been left to the jury. There are other matters which might be considered—the calls for corners in surveys on the east in their lines might be material if their boundaries can be certainly established.

If the northwest corner of section No. 9 was identified and found on the ground, and there was no other controlling call in the field notes of the same, its north line would run from such found corner north 75 east to the west line of section No. 212, thus establishing the north boundary, which should prevail over other calls in determining the controversy of the disputed boundary. The distance of lines called for from No. 7 must yield to the line ascertained, if it be thus ascertained. In addition to this, we should say that if the field notes of the conveyance by Coleman and Davidson to Mrs. Davis carry the land conveyed over north of section No. 9 into land vacant at the time, the deed would not convey any part of the vacant land, and the consideration would fail to the extent of the vacant land so conveyed. The court's charge quoted is erroneous.

We can not hold that defendants can complain of the court's ruling in sustaining exceptions to that part of the answer of Francis Smith & Co. setting up and asking judgment on the note due in 1896. Francis Smith & Co. are not appealing, and defendants do not plead the facts and ask that all the claims of all the parties be adjusted in this suit, as they might have done; they merely ask that, if Francis Smith & Co. obtain judgment against them, they have judgment over against plaintiff for the same amount. Defendants will doubtless so plead hereafter that they can take advantage of the court's ruling on this point before another trial.

The court did err in sustaining the exception to Francis Smith & Co.'s

suit on the note due in 1896, but defendants are not in a position to ask a reversal on that ground. All the notes secured by lien on the land could and should be prosecuted to judgment in the one suit and the lien foreclosed, and in case the suit should result in favor of defendant's plea of failure of consideration, and the note due in 1896 be put in judgment and its lien foreclosed on the land actually conveyed to defendants, then they would be entitled to a judgment over against plaintiff for the amount of the judgment against them on the note. The court below should set aside the order overruling the exception to the answer of Francis Smith & Co. in the particular mentioned and permit them to litigate as to both their notes, according to well-settled rules in such cases. Barbisch v. Oatman, decided by this Court December 2, 1896; Tinsley v. Boykin, 46 Texas, 596; Gillmour v. Ford, 19 S. W. Rep., 442.

Because of the error in the charge of the court as pointed out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*