### W. H. LEAVITT v. BRAZELTON & JOHNSON.

Decided January 18, 1902.

**1.—Citation—Judgment by Default.**

Where a citation fails to state the true date of the filing of plaintiff's petition, as required by the statute, it will not support a judgment by default. Rev. Stats., art. 1214.

**2.—Writ of Error—Service.**

Where the petition and bond for writ of error are filed within one year from the rendition of the judgment in the trial court, it is immaterial that the writ is not served until after the expiration of the year. Rev. Stats., art. 1402.

Appeal from the County Court of Jones. Tried below before Hon. J. C. Phillips.

*C. C. Terrell,* for plaintiff in error.

*Warren & Webb,* for defendants in error.

HUNTER, ASSOCIATE JUSTICE.—This was a judgment final by default upon a verified account for $212.92, rendered by the County Court of Jones County on the 3d day of July, 1900, in favor of Brazelton & Johnson against the plaintiff in error, and on the 1st day of July, 1901, plaintiff in error filed his petition and bond for writ of error, caused citation to be issued thereon, and it was served on defendant in error on the 20th day of July, 1901.

The original petition in the suit was filed May 29th (no year given). Citation was dated "29th day of July, 1900," and commanded the sheriff or any constable of Jones County to summon the defendant, W. H. Leavitt, "to be and appear before the honorable County Court of Jones County, Texas, at the next regular term thereof to be holden at the courthouse in Anson, on the first Monday in July, A. D. 1900, then and there to answer the plaintiff's petition filed in a suit in said court on the 29th day of July, 1900, wherein Brazelton & Johnson are plaintiffs and W. H. Leavitt is defendant. File number of said suit being

No. 193." If it was indorsed when issued, the indorsement was not copied in the record. The return of the sheriff indorsed thereon is as follows: "Came to hand the 1st day of June, A. D. 1900, at 4 o'clock p. m., and executed 1st day of June, 1900," etc.

The July term of the county court begun on July 2, 1900, and judgment by default final was rendered July 3, 1900.

The able counsel for plaintiff in error makes but one assignment of error, and that is, in effect, that the citation did not give the true date of filing the petition, as is required by statute (Revised Statutes, article 1214), but another and different date. This assignment must be sustained. We held in Dunn v. Hughes, 36 Southwestern Reporter, 1084, that this provision of this article was mandatory and must be substantially complied with, otherwise the defendant is not required to answer. See also Spence v. Morris, 28 S. W. Rep., 405. The judgment in this case will therefore have to be reversed.

Defendants in error insist that, because service of citation in error was not obtained until more than one year after the judgment was rendered, we have no jurisdiction of this case. But we overrule this contention, as the writ, we think, must be considered as "sued out" when the petition for writ of error and bond, or affidavit in lieu thereof, are filed with the clerk of the court rendering the judgment. Rev. Stats., art. 1402.

Because of the defect in the citation above noticed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*