### G. H. PARKER v. J. R. STROUD.

#### Decided May 17, 1905.

**1.—Conflicting Evidence—Peremptory Instruction.**

Evidence in suit for damages for failure to comply with contract for cutting hay considered and held to be conflicting as to the right to recover, and not to justify the refusal to receive a verdict awarding a part only of the amount claimed by plaintiff and the giving a peremptory instruction to find the full amount claimed.

**2.—Verdict.**

A verdict awarding plaintiff damages at five cents per bale on all the hay mowed on certain land, not finding the number of bales so mowed, but assessing the damages awarded therefor, will support a judgment in plaintiff's favor.

Appeal from the County Court of Limestone County. Tried below before Hon. James Kimbell.

*Jackson & Hayes,* for appellant.—When the evidence is conflicting a peremptory charge to find for either party is error. Potter v. Wheat, 53 Texas, 401; Ellis v. Rosenberg, 29 S. W. Rep., 519; Supreme Council of A. L. of H. v. Anderson, 61 Texas, 301.

A verdict from which you can not ascertain the amount to which the successful party is entitled is erroneous, and can not be the basis for a judgment. Rentfrow v. Lancaster, 31 S. W. Rep., 229; DuBose v. Battle, 34 S. W. Rep., 148; Silliman v. Gano, 90 Texas, 649; Lidsley v. Sparks, 40 S. W. Rep., 606.

The court can not look to the evidence to aid the verdict of the jury in rendering his judgment thereon. Mays v. Lewis, 4 Texas, 44; DuBose v. Battle, 34 S. W. Rep., 148; Silliman v. Gano, 90 Texas, 649; Lindsley v. Sparks, 40 S. W. Rep., 606.

A verdict not received or accepted by the court can not be the basis of a judgment.

A compromise verdict rendered by a jury when in due form and responsive to the pleadings, and justified by the evidence and charge, should be accepted by the court. Owens v. Missouri Pac. Co., 67 Texas, 684.

No briefs for appellee were on file.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought originally in the Justice Court by J. R. Stroud, the appellee, against G. H. Parker, appellant, alleging that in the spring of 1903 appellee and appellant entered into an agreement whereby appellant agreed that he would mow

and cut all the grass and hay grown and to grow on appellee's meadow and bale same and pay appellee therefor at the rate of ten cents per bale; that appellant failed and refused to carry out said agreement, and, that during the year, the price of hay depreciated and appellee, after appellant refused to comply with his agreement as aforesaid, sold said hay for the best price obtainable, which was five cents per bale. That there were grown 2,315 bales of hay and the difference between the contract price and the amount received for same was $115.75, for which amount this suit was brought. Appellant obtained a judgment in the Justice Court from which appellee appealed to the County Court and a trial was had in that court which resulted in a verdict and judgment for appellee in the sum of $115.75, from which judgment appellant has appealed to this court.

Appellant's first assignment of error complains of a peremptory instruction given by the court below to the jury to find in favor of the appellee. The instruction complained of is as follows: "Gentlemen of the jury, you are instructed to assess the amount due plaintiff at five cents per bale and render a verdict accordingly."

The testimony on the question of appellant's liability on the contract for the breach of which this suit was brought is conflicting. Appellee testified that there was nothing said in making the agreement or contract with appellant as to the manner in which the grass should be cut or how the machine should be set to cut it. Appellant testified that appellee stated that he wanted the grass cut with a mower set in the lowest hole as it had been butchered the two past seasons and that he told appellee he would agree to cut it as low as he could, that he did not know how it had been cut the previous year, but that he would cut it as low as it had been cut that year; that in attempting to cut the grass with his machine set in the lowest hole the machine choked up with the stubble of the previous year on account of the grass having been cut the previous year by a machine set higher than his at the time he was attempting to cut the grass under his agreement with appellee; that appellee was present at the time he was attempting to cut the grass and he told him that he could not cut the grass with the blade set in the first hole, that it would have to be raised one hole, that it would kill his team and tear up his machine to cut the grass with the blade set in the first hole, and that the appellant was proceeding to raise the blade one hole when appellee objected and told him if he could not cut it as the machine was, not to cut it at all; that he told appellee he could not do so, and appellee told him that he must do so or quit, and he told appellee he would quit as he could not cut the grass with his machine set that low. Appellant further testified that if appellee had permitted him he would have raised the blade and cut the grass. Other witnesses testified in the case, the testimony of some of them tending to corroborate appellant in important particulars, and that of others tending to corroborate the testimony of appellee. Appellant's testimony tended to show that he had been released by appellee from complying with the agreement, if there was a completed agreement or contract between the parties. The testimony upon a material issue in the case being conflicting, the court below was not authorized to give the peremptory instruction complained

of. (Williams v. Davidson, 43 Texas, 39; Potter v. Wheat, 53 Texas, 401; Ellis v. Rosenberg, 29 S. W. Rep., 519; Supreme Council A. L. of H. v. Anderson, 61 Texas, 301.)

Appellant's second and third assignments of error are also well taken. The verdict of the jury is uncertain in not finding the number of bales of hay mowed, it simply finds in favor of. plaintiff for five cents per bale for all hay mowed, but does not find the number of bales mowed so that the amount for which judgment should be rendered could be ascertained. Rentfrow v. Lancaster, 31 S. W. Rep., 229; Darden v. Mathews, 22 Texas, 326; Du Bose v. Battle, 34 S. W. Rep., 148; Silliman v. Gano, 90 Texas, 649; Lindsley v. Sparks, 40 S. W. Rep., 606.)

It appears from the record that the jury returned into court the following verdict: "We, the jury, find for plaintiff two and one-half cents per bale for all the hay mowed on said meadow which amounts to $57.87½," and that the court declined to receive same and enter judgment thereon, but gave them the peremptory instruction above referred to and required them to retire and return a verdict in accordance with such peremptory instruction. This action of the court was erroneous. The verdict was in due form and the amount found in favor of plaintiff stated and the record discloses no reason why it should not have been received and judgment entered thereon.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*