DIXON v. WINTERS. (No. 5980.)

(Court of Civil Appeals of Texas. San Antonio. March 6, 1918.)

1. GAMING ☞48(1)—SPECULATIVE TRANSACTIONS—PLEADING.

A petition alleging the ordinary transaction of the purchase by plaintiff from defendant of 15 bales of cotton for delivery October 15th, and the making by plaintiff of a contract for the resale of the cotton, also calling for delivery October 15th, which delivery plaintiff was unable to make because of defendant's breach, did not show on its face that the transaction was a gambling one, though it alleged that in order to prevent his being forced to pay a sum in redemption of his resale contract, plaintiff replaced the cotton at a price per pound higher than he had contracted to pay defendant.

2. APPEAL AND ERROR ☞1056(3)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action for breach of contract for the sale of cotton, if certain testimony was admissible as tending to corroborate defendant's testimony on a collateral issue, its exclusion did not constitute reversible error, where additional evidence on the collateral issue could not have induced the jury to believe defendant's testimony on the main issue.

3. APPEAL AND ERROR ☞544(1)—RECORD—REQUESTS FOR SPECIAL CHARGES—EXCEPTION TO REFUSAL.

In a case tried before Acts 35th Leg. c. 177 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), as to the effect of the refusal of the court to give special instructions, went into effect, where there are no bills of exception in the record disclosing that special charges were presented at the time and in the manner required by law, and the refusal to give same excepted to, the assignments relating to such charges must be overruled.

Appeal from Atascosa County Court; W. J. Bowen, Judge.

Suit by W. A. Winters against C. D. Dixon. From a judgment for plaintiff, defendant appeals. Affirmed.

---

W. M. Abernethy, of Jourdanton, for appellant. Jones & George, of Brownsville, for appellee.

MOURSUND, J. W. A. Winters sued C. D. Dixon for damages alleged to have been sustained by reason of the breach of two contracts by Dixon with Winters for the sale, respectively, of 10 and 5 bales of cotton to be delivered on October 15, 1916. He alleged that he bought the cotton at 12 cents per pound, basis middling, and resold it for delivery on October 15, 1916, and by reason of defendant's breach of the contracts was compelled to purchase 15 bales of cotton in open market to fill his contract, paying therefor the market price of $16^5/_{16}$ cents per pound. He alleged the weight of the cotton at 7,800 pounds, and his damages at $336.37. Defendant answered by general demurrer, special exceptions and a general denial. The trial resulted in a verdict and judgment in favor of plaintiff for $300.

[1] By the first assignment complaint is made of the overruling of a special exception to the effect "that plaintiff's petition showed on its face that the transaction was a gambling one." There is no merit in the contention. The petition alleged the ordinary transaction of the purchase of 15 bales of cotton to be delivered on October 15, 1916, and the making of a contract for the resale of the cotton which also called for delivery on October 15, 1916. We gather from plaintiff's statement and argument that his contention is not that the contract sued on constituted a wager or a contract in futures, but that the resale contract, pleaded for the purpose of showing the measure of damages, was attacked as a gambling transaction. The portion of the petition relied on is the allegation that, in order to prevent his being forced to pay said sum of $936 in redemption of his sale contract, plaintiff replaced said cotton at the price above stated. Plaintiff had previously alleged that he bought the cotton at 12 cents, which would make $936 for the 15 bales. The allegation relied on supports an inference that it was provided in the resale contract that the measure of damages for plaintiff's breach thereof was stipulated at $936 but it does not support any inference that he contracted for the sale of futures or made a wager. The petition was not subject to the exception relied upon.

[2] Defendant testified to making two contracts with plaintiff, one for himself for the sale of 10 bales of cotton, 3 of which were to be put in by his father-in-law, and the other for Ramon Ramos, his subtenant, for the sale of 5 bales of cotton; that both contracts were expressly conditioned upon the approval of his landlord, Davis; that Davis refused to consent to the sale; that he could not have delivered the cotton without Davis' consent, even if it had gone down in price; that his contract with Davis was that he should give Davis one-fourth of each bale and one-fourth of the seed, the cotton to be sold and the proceeds divided that way. Davis testified that defendant spoke to him about the sale of some cotton on August 15th, and that he did not consent to the sale. Ramos testified to authorizing defendant to sell 5 bales for him, at 12 cents a pound; and, according to his version of the conversation, no statement was made that the sale was to be a conditional one. Defendant tried to introduce in evidence the rent contract between himself and Davis, and to prove that Davis had advanced money to him to make his crop for the year '16. The court declined to permit the introduction of this evidence. The bills of exception disclose that the rent contract contained a provision giving Davis a contract lien on the crops in addition to his statutory landlord's lien, and that Davis would have testified that he advanced money, no sum being stated, to defendant to enable him to make and gather his crop. The evidence thus excluded would therefore have shown that there was a contract lien in addition to the statutory lien, and that the liens covered an advancement of some sum of money as well as the rent. This evidence was offered on the theory that it corroborated defendant's testimony to the effect that he had no authority to sell the cotton raised on the Davis place without Davis' consent, and that had it been admitted the jury would probably have found that defendant's testimony was true with regard to the real issue in the case, namely, whether he made unconditional contracts to sell and deliver 15 bales of cotton to plaintiff. As there was no dispute with regard to the collateral issue, whether defendant had authority to sell cotton from the Davis place without Davis' consent, his testimony on such issue needed no corroboration, and it is impossible to see how any additional evidence on that issue could have induced the jury to believe his testimony on the main issue. If the testimony was admissible, its exclusion did not constitute such error as would justify a reversal of the judgment. Biggar v. Lister, 27 S. W. 707.

[3] Complaint is also made of the refusal of the court to give certain special charges. There are no bills of exception in the record disclosing that the charges were presented at the time and in the manner required by law, and the refusal to give same excepted to. The case was tried before chapter 177, General Laws of the 35th Legislature (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), went into effect. The assignments relating to such charges must therefore be overruled. G., T. & W. Ry. v. Dickey (Sup.) 187 S. W. 184; Heidenheimer, Strassburger & Co. v. H. & T. C. Ry. Co., 197 S. W. 886.

The judgment is affirmed.