NATIONAL BEN FRANKLIN FIRE INS. CO. v. SCOTT. (No. 1545.)

(Court of Civil Appeals of Texas. Amarillo. May 14, 1919.)

1. JUDGMENT ⚷17(9)—PROCESS TO SUPPORT—DEFECTS.

The provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, requiring the citation to state the date of filing of plaintiff's petition, is mandatory, and a citation failing to give the date of the petition, or incorrectly stating the same, is insufficient to support a judgment by default.

2. JUDGMENT ⚷17(10) — PROCESS TO SUPPORT — SERVICE — SUFFICIENCY—FOREIGN CORPORATION.

Where the petition alleged a cause of action against a foreign fire insurance company having an agent in Texas, said agent being a partnership, a return reciting service of citation on one of the partners will not support a default judgment; Vernon's Sayles' Ann. Civ. St. 1914, art. 1861, providing for service upon foreign corporations, stating that process may be served on a president, vice president, secretary, treasurer, or general manager, or upon any local agent, and the return not affirmatively showing that partner served was a local agent.

Appeal from Childress County Court; W. G. Gross, Judge.

Action by Reid B. Scott against the National Ben Franklin Fire Insurance Company. There was a judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellant.

Jos. H. Aynesworth, of Childress, for appellee.

HALL, J. Defendant in error, Scott, sued plaintiff in error, fire insurance company, upon a policy of fire insurance covering a certain automobile; the petition being filed August 9, 1918. Citation was issued August 9, 1918, commanding the sheriff or any constable of Childress county to summon the National Ben Franklin Fire Insurance Company, by service of citation on Crawford & Crawford, a copartnership composed of H. S. Crawford and J. M. Crawford, upon either of whom citation may be had, to appear before the county court of Childress county at the next regular term, to be held at the courthouse in Childress on the first Monday in October, 1918, same being October 7, 1918, then and there to answer plaintiff's petition filed in suit in that court on August 8, 1918, wherein Reid B. Scott is plaintiff and the National Ben Franklin Fire Insurance Company is defendant, the file number of said suit being 538. The citation then states the nature of plaintiff's demand, etc. The sheriff's return recites:

"The citation came to hand on the 10th day of August, 1918, at 10 o'clock a. m., and was executed in Childress county, Tex., by delivering to each of the within named defendants in person a true copy of this citation (together with the accompanying certified copy of plaintiff's petition) at the following times and places, to wit: [Showing that service was made on August 10, 1918, on H. S. Crawford, at 11:30 a. m.]."

Based upon this service judgment was rendered against appellant by default October 14, 1918, for the sum of $545.90, with interest and costs.

[1] Under the first assignment it is insisted that the judgment by default should not be sustained because the citation does not comply with that portion of article 1852, Vernon's Sayles' Civil Statutes, requiring that it shall state the date of the filing of plaintiff's petition. This requirement of the statute has been held to be mandatory, and a citation failing to give the date of the filing of the plaintiff's petition, or which incorrectly states the time of such filing, has been frequently held in this state to be insufficient to support a judgment by default. Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Sypert v. Rogers Lumber Co., 201 S. W. 1103; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 465; Simms v. Miears, 190 S. W. 544; Smith, Sheriff, et al. v. Buckholts State Bank et al., 193 S. W. 730, and authorities therein cited.

[2] Under a subsequent assignment the proposition is urged that the judgment should be reversed because the petition alleges a cause of action against the National Ben Franklin Fire Insurance Company of Pittsburg, Pa., a corporation having an office and agent in the city of Childress, Childress County, Tex., the said agent being Crawford & Crawford, a partnership composed of H. S. Crawford and J. M. Crawford, upon which, or either of them, service of citation may be had, and commands the officer to summons said fire insurance company, a corporation, by service of citation on Crawford & Crawford, a copartnership composed of H. S. and J. M. Crawford, and the officer's return showing that he served H. S. Crawford; said service being insufficient upon a foreign corporation. This assignment must also be sustained. Article 1861, Vernon's Sayles' Civil Statutes, providing for service upon foreign corporations, expressly states that such process may be served on the president, vice president, secretary, or treasurer, or general manager, or upon any local agent of such corporation within this state. It does not appear that H. S. Crawford, upon whom

service was made, was a local agent, and it cannot be insisted that he held any other office mentioned in the statute. As said in Cereal Co. v. Earnest, 87 S. W. 734, citing Western Cottage Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S. W. 516:

"The statute is plain and easily complied with. To authorize a judgment by default the service should be in conformity with its terms, and on appeal the record, outside of the recitals of the judgment, should disclose it. No one can say from this record whether Banks was a local agent or not. It does not appear affirmatively that he was such. For this reason, we believe the judgment by default should not have been granted," etc.

For the errors indicated, the judgment is reversed and the cause remanded.

⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes