## IOLA STATE BANK v. TRANT.  (No. 8168.)

(Court of Civil Appeals of Texas.  Galveston.
March 28, 1922.)

**1. Judgment ⬉17(11)—Writ of garnishment held insufficient to authorize default judgment.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 276, as to form of writ of garnishment, article 1852, as to necessary contents of citation, and article 1885, as to necessity of service of process as a prerequisite to rendition of judgment, held, the writ of garnishment served on garnishee was insufficient to authorize a default judgment.

**2. Appearance ⬉26—Insufficiency of writ not waived by motion for new trial on other grounds after default judgment.**

Garnishee by appearing after default judgment and moving for new trial, and therein making no complaint of the writ or its service, but basing its motion wholly on different grounds, did not waive the defects in the writ, which rendered it insufficient to authorize a default judgment.

**3. Appeal and error ⬉722(1)—Appellant not restricted to assignments in motion for new trial.**

Appellant is not restricted to the assignments in the motion for new trial, but may file assignments independently of them, and on appeal adopt either.

Appeal from Grimes County Court; R. M. West, Judge.

Garnishment by R. P. Trant against the Iola State Bank. Judgment for plaintiff, and garnishee appeals. Reversed and remanded.

Lewis & Dean, of Navasota, for appellant.
Buffington & Leigh, of Anderson, for appellee.

LANE, J.  R. P. Trant brought suit against J. P. Mayes in the county court of Grimes county to recover the sum of $376.35, alleged to be due him by Mayes upon an open account.

While this suit was pending, and on the 24th day of January, 1921, R. P. Trant filed

his affidavit and bond as required by law in such cases, and asked for the issuance of a writ of garnishment against the appellant, Iola State Bank.

On the same day, January 24, 1921, E. W. Hooker, clerk of the county court of Grimes county, issued and placed in the hands of a constable of said county a paper which reads as follows:

"The State of Texas.

"To the Sheriff or any Constable of Grimes County, Greeting:

"Whereas, in the ——— court of ——— county in a certain suit wherein R. P. Trant is plaintiff and J. P. Mayes is defendant the plaintiff claiming an indebtedness against the said J. P. Mayes of three hundred and seventy-six and $35/100$ dollars, besides interests and costs of court, has applied for a writ of garnishment against the Iola State Bank, which is alleged to have its place of business in Iola in your county; R. E. L. Upchurch being president and W. A. Boney cashier, both residing in Grimes county, Texas:

"Therefore, you are hereby commanded, forthwith to summon the said Iola State Bank if to be found in your county, to be and appear before the said court, at the next term thereof, to be held at Anderson in said county, on the 31st day of January, 1921, then and there to answer upon oath what, if anything, it is indebted to the said ——— and was when this writ was served upon it and what effects, if any, of the said J. P. Mayes it had in its possession, and had when this writ was served, and what other persons, if any, within its knowledge, are indebted to the said J. P. Mayes or have effects belonging to him in their possession.

"Herein fail not, but of this writ make due return as the law directs.

"Witness ———, clerk of the county court of Grimes county,

"Given under my hand, and the seal of said court, on this the 24th day of January, A. D. 1921.  E. W. Hooker, Clerk County Court, Grimes Co., Tex.  [L. S.]"

The return of the officer executing the paper is as follows:

"Received this writ on the 25 day of January, A. D. 1921, at 10 o'clock a. m. and executed the same on the 25 day of January, A. D. 1921, by serving a true copy thereof upon the within-named Iola State Bank, garnishee, in person, of W. A. Boney, cashier, in the county of Grimes.        P. L. Sollock, Constable,
"——— County, Tex.
"Serving Writ $1.00."

The suit of Trant v. Mayes was called for trial on the 11th day of May, 1921. Mayes appeared and made answer, and upon hearing before the court without a jury judgment was rendered against him in favor of Trant for the sum of $376.35, with interest thereon from November 1, 1920, and for cost of suit.

On the same day, May 11, 1921, the case of Trant v. Iola State Bank, Garnishee, was

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

called for trial. The bank made no appearance nor did it file any answer. The court rendered judgment by default against the bank, garnishee, in favor of appellee, R. P. Trant, for the sum of $376.35, with interest thereon from November 1, 1920, and all costs of suit. The judgment so rendered recites the issuance of the writ of garnishment, and that it appeared to the court that the garnishee, Iola State Bank, had failed to appear and had filed no answer to the writ of garnishment.

On the 13th day of May, 1921, the Iola State Bank, garnishee, filed its motion for new trial for reasons stated as follows:

"Because the garnishee says that its cashier, W. A. Boney, interviewed Judge T. P. Buffington, of counsel for the plaintiff, and the said Buffington agreed with its said cashier to notify him when it would be necessary to file an answer, and that, relying upon said agreement and promise, the garnishee made no arrangements to file an answer; that the said Judge T. P. Buffington nor any one else notified the said Boney nor any officer of the said garnishee about the setting of said case nor when the case was to be taken up, and garnishee says that said case was not set down for a trial, but was left on the docket subject to call, and the judgment herein was rendered without notice to the said garnishee, and without notice to the said W. A. Boney, and the garnishee says that to allow the judgment to stand would be inequitable in this, that the amount in the garnishee bank to the credit of J. P. Mayes was at the time of the service of the writ, and at the time of the judgment, and at all times between said dates, only the sum of $24, and the judgment rendered herein including costs is more than the sum of $400. Garnishee employed no attorney on account of said agreement and relying upon same."

This motion was heard and overruled on the day it was filed, and the bank has brought the case before this court by writ of error.

[1] Appellant insists that the court erred in rendering judgment by default against it, because the purported writ of garnishment and the service of the same on it was and is wholly insufficient to require it to answer, in that the writ does not show the number or style of the suit of Trant v. Mayes, nor the court in which the same was pending; that it failed to name the court where the garnishee was required to appear and answer; that it does not require the garnishee to answer what, if anything, it was indebted to J. P. Mayes at the time the writ was served upon it, or at any other time; and because the officer's return does not show that the writ was served by any officer of Grimes county, the county of appellant's residence.

More briefly stated, the contention of appellant is that, to authorize a judgment by default, the requisites of the statutes as to citations must be strictly complied with, and for a stronger reason the requisites of a writ of garnishment, which is an extraordinary and harsh writ, should be strictly followed. In support of this contention, appellant cites articles 276, 1852, and 1885, Vernon's Sayles' Civil Statutes; Johnson v. McCutchings, 43 Tex. 553; Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 10; Jones Hardware Co. v. Gunter (Tex. Civ. App.) 184 S. W. 342; Dunn v. Hughes (Tex. Civ. App.) 36 S. W. 1084; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 465; Smith v. Buckholts (Tex. Civ. App.) 193 S. W. 730.

The authorities cited sustain the contention of appellant that the writ issued and served was insufficient to require appellant to appear in the trial court or to make answer to the same; and, unless appellant has by some act on its part submitted to the jurisdiction of the court, the judgment rendered should be reversed.

It would hardly be questioned that if the garnishee bank was able to show that it only owed J. P. Mayes $24 at the time mentioned in the writ, as it contends it did, the judgment of $376.35 rendered against it was unjust, and, unless we are restrained by some well-established rule of law, we would feel it our duty to reverse the same.

[2] While it must be conceded, we think, that the writ of garnishment was insufficient to require appellant to answer, still appellee insists that as appellant appeared after the judgment was rendered and filed its motion for a new trial, and therein made no complaint of the writ or service thereof, and based its right to new trial upon wholly different grounds, it waived any defects that existed in the writ of garnishment which was served upon it.

We must overrule this contention of appellee. We are unable to comprehend how the filing of a motion to set aside a judgment theretofore rendered without authority of law can be construed to be a waiver of service of citation to appear and make answer to the suit, and we are therefore unable to enter into any intelligible discussion of the contention of appellee.

[3] We have not overlooked the contention of appellee that appellant's assignments should not be considered by us, because the assignments filed in the trial court and presented in appellant's brief were not assigned in the motion for new trial; but we have reached the conclusion that the question presented by such contention has been decided adversely to appellee by our Supreme Court in the cases of Temple v. Lindholm, 231 S. W. 321; Harlan et al. v. Acme Sanitary Flooring Co., 231 S. W. 348. In both of the cases cited it was held that appellants are not restricted to assignments in the motion for new trial, but may file assignments of error independently of those specified in such motion, and may on appeal adopt either the assignments of error set out in their motion or those filed independently of the motion.

Having reached the conclusion that the judgment was erroneously rendered against appellant for the reasons pointed out, the same is reversed, and the cause is remanded.

Reversed and remanded.