## GRIFFIN v. LANGLEY et al.

### No. 2550.

Court of Civil Appeals of Texas. El Paso.
July 2, 1931.

John L. Fowler, of Odessa, for plaintiff in error.

Jno. F. Weeks, of El Paso, for defendants in error.

HIGGINS, J.

The plaintiff in error brought this suit against E. G. Langley, Jackie Langley, and J. I. Rogers, a partnership, and Rogers Café, a corporation, to recover a balance of $264.23 alleged to be due upon verified open account. A garnishment was sued out against the Citizens' National Bank of Odessa, Tex. The garnishee answered that it was indebted to Jackie Langley in the sum of $336.87, and denied that it was otherwise indebted to any of the other defendants or liable upon the writ.

At the August term, 1930, a judgment by default was rendered in favor of the plaintiff against E. G. Langley, Jackie Langley, and J. I. Rogers, for the sum sued for. Upon the same date judgment against the garnishee for like amount was rendered. Later in the term Jackie Langley and E. G. Langley filed motions to set aside the judgment rendered against them, setting up that they had never been served with process in the cause and setting up a meritorious defense, in that they were not members of the alleged partnership nor otherwise liable for the debt sued upon. To this motion the plaintiff in error filed a reply which is rather lengthy, alleging matters to show that E. G. and Jackie Langley were liable as partners for the debt.

The reply of the plaintiff in error to the motions did not controvert the fact that process had never been served upon E. G. and Jackie Langley. Later in the term the motions to set aside the judgments were taken up by the court and evidence thereon heard and judgment entered setting aside the judgments in both the main cause and the ancillary garnishment proceeding. The judgment in the ancillary garnishment was set aside by the court of its own motion. Upon the same date that the judgments aforesaid were set aside, the court in the main cause entered another judgment in favor of the plaintiff in error against the defendant J. I. Rogers, who had been personally served in the case, for the amount sued for, and against J. I. Rogers, E. G. Langley, and Jackie Langley, as partners, for like sum. As against the Langleys it was ordered that execution issue only against the partnership property, the judgment being in substantial compliance with article 2033, Revised Statutes, which provides that where citation has been served upon one member of a partnership firm it shall be sufficient to authorize a judgment against the firm and the partner actually served.

In the last judgment the court adjudged also that the money in the hands of the garnishee belonged to Jackie Langley as her separate funds and that it was not subject to the garnishment.

From the judgment last rendered the plaintiff in error has sued out this writ of error.

█ The judgment from which the writ of error is prosecuted makes no disposition of

the defendant Rogers Café, a corporation, and for this reason there is some doubt in our minds as to the finality of the judgment. But from the allegations contained in the reply filed by the plaintiff in error to the motions to set aside the judgment, it is apparent that he had abandoned his cause of action against the corporation and was seeking only to recover against the alleged partners. In this condition of the record we are warranted in assuming that there was a waiver and abandonment of the suit against the corporation, or a dismissal, or discontinuance had with reference to it, and that the judgment is final so as to support the writ of error. Burton Lingo Co. v. First Baptist Church of Abilene (Tex. Com. App.) 222 S. W. 203.

■ It is first contended by the plaintiff in error that the filing of the motions by the Langleys to set aside the judgments against them constituted an appearance in the cause and that he was therefore entitled to judgment against them personally. In support of this contention Smith v. Smith (Tex. Civ. App.) 123 S. W. 198 is cited. The case cited has no present application for the reason that the record here shows affirmatively that the default judgment rendered was set aside because there had been no service of process upon the Langleys. That this is a distinguishing feature is apparent upon reading the opinion in the case cited. The appearance of the Langleys by their motion to vacate the judgment on the ground that the court had no jurisdiction of their persons because of want of service did not constitute such a general appearance as would authorize the court to render a personal judgment against them at that term. 4 C. J. 1341; Atchison, T. & S. F. Ry. Co. v. Adams (Tex. Sup.) 14 S. W. 1015; Iola State Bank v. Trant (Tex. Civ. App.) 240 S. W. 621. It constituted an appearance to the succeeding term.

It is next assigned as error that the court erred in finding and holding that the money in the hands of the garnishee was other than partnership money.

■ We need not inquire whether the evidence adduced upon the hearing of the motions warranted this finding or not, for such issue was not involved in the main case. The issue is not within the scope of the pleadings in the main case.

■ The judgment in the main case should simply have been against J. I. Rogers, the partner personally served, and the firm, in accordance with article 2033, Revised Statutes, above cited.

■ Whether or not that fund is subject to the garnishment as partnership assets is a matter to be decided in the ancillary garnishment case. So far as this record shows the last order entered in the ancillary proceeding was the order setting aside the judgment first rendered against the garnishee. The matter remains open for determination there.

The judgment is reformed by eliminating those portions which undertake to adjudge that the money in the hands of the garnishee is the individual property of Jackie Langley and not subject to garnishment as an asset of the partnership.

Judge WALTHALL does not concur in the disposition made of the case as expressed in this opinion. He thinks that the motion filed by the Langleys was, in legal effect, an objection to the jurisdiction of the court to enter the default judgment, and was an appearance in the case, and the court having found that the Langleys were partners, a personal judgment should have been rendered against each of them for the amount of the debt.

Reformed and affirmed.