**SHARP & DOHME, Inc., v. WAYBOURNE.**

**No. 4323.**

Court of Civil Appeals of Texas. Amarillo.
July 2, 1934.

Rehearing Denied Sept. 10, 1934.

Robertson, Robertson & Payne, of Dallas, for plaintiff in error.

J. Farris Fish, of Matador, for defendant in error.

JACKSON, Justice.

The plaintiff, C. P. Waybourne, on July 22, 1933, instituted this suit in the county court of Motley county against the defendant, Sharp & Dohme, Inc., a foreign corporation, and on August 26th thereafter, during the August term of said court, no answer having been filed, obtained a judgment by default for the sum of $950.

On November 2, 1933, before the adjournment of said term, the defendant moved the court to set aside the default judgment and grant a new trial, urging that no valid service was ever had upon it and also alleging a meritorious defense to the cause of action.

A hearing was had before the court on the defendant's motion for a new trial, which was overruled, and by writ of error it prosecutes this appeal.

The plaintiff alleged that the defendant was "a foreign corporation, duly incorporated, with a permit to do business in the State of Texas and having as its agent in this state upon [whom] service may be had, P. L. Russell, who resides in Dallas County, Texas." Citation was promptly issued, directing the sheriff or any constable of Dallas county to summon "Sharp & Dohme (in pencil P. L. Russell, agent) to be and appear before the Honorable County Court of Motley County," etc. This citation was delivered to the sheriff of Dallas county, and in his return he recites that it was executed in Dallas county on July 24, 1933, at 2 o'clock p. m., on "Sharp & Dohme, by delivering to P. L. Russell, its agent," together with the accompanying certified copy of plaintiff's petition.

In the findings of fact filed by the trial judge on motion for a new trial, the court found that Sharp & Dohme, Inc., was a foreign corporation and that P. L. Russell, upon whom citation was served on July 24, 1933, was on that date the local agent of Sharp & Dohme at Dallas, Texas.

Article 2031, R. C. S., provides: "In suits against a foreign corporation, joint stock company or association, or acting corporation or association, process may be served on the president, vice president, secretary, treasurer, or general manager, and in any cause of action arising within this State, process may also be served upon any local or traveling agent, or traveling salesmen of such corporation, joint stock company or association, or acting corporation or association in this State."

"'Local agent' as used in the statute means an agent at a given place or within a definite district. An agent entrusted by the corporation with the supervision of local agents is not himself a 'local agent' in this state; and apparently the statutory term 'general manager' does not include one who has power to manage the company's affairs in Texas, but whose authority stops at the state boundaries." 11 Tex. Jur. 200, § 515.

This text is supported by the following authority by the Supreme Court: Western Cot-

tage Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S. W. 516.

In National Cereal Co., Ltd. v. Earnest (Tex. Civ. App.) 87 S. W. 734, after quoting the statute as then written, the court says: "The citation directed to officers of Dallas county ordered them to summon the National Cereal Company, Limited, by delivering to S. G. Banks, agent. The return recites delivery to the National Cereal Company, Limited, S. G. Banks, agent, in person. The petition alleged that S. G. Banks was defendant's agent in the state of Texas, who resided in Dallas county, on whom service can be had. The description of Banks both in the citation and the return is insufficient to show that he was local agent within the state. In both he is described generally as agent. What kind of agent is not stated in either, and service on one who is agent is not authorized. He must be a local agent within the state, and this must affirmatively appear, before judgment by default would be proper. In the petition Banks is described as defendant's agent in the state of Texas, who resides at Dallas. If the allegation would be permitted to aid the citation and return, it does not show that Banks was local agent of defendant in Texas. It alleges merely that he was defendant's agent in Texas, and resided in Dallas. What kind of agent—general or local—or whether his authority covered a district of the state, or extended throughout the state, is not alleged. The fact that he resided in Dallas would throw no light on the question."

In Holcomb & Hoke Mfg. Co. v. Amason (Tex. Civ. App.) 2 S.W.(2d) 360, 362, on motion for rehearing, the court says: "The petition failed to show whether or not Seay was a 'local agent, a traveling agent, or traveling salesman of such corporation.' Articles 2034, 2035, Rev. Stats. 1925. Because the petition did not indicate the character of the agency of Walter F. Seay, and because the return of the sheriff fails to show that the citation and copy of petition were delivered to the agent, the judgment by default will be set aside, and the cause remanded."

See, also, National Ben Franklin Fire Insurance Company v. Scott (Tex. Civ. App.) 214 S. W. 604.

Under these authorities the default judgment should have been vacated and a new trial granted, unless there was proof, independent of the allegations in the petition, the citation, and the statement in the sheriff's return, to show service on some officer or agent of the company designated by the statute.

The record discloses that on the motion for a new trial the attorney for Mr. Waybourne testified relative to the trial of the case at which judgment by default was rendered, as follows: "On the trial of this case as I was sworn to testify, I testified that I had been in Dallas a short time before these suits were filed and in the office of Sharp & Dohme and talked with Mr. P. L. Russell, who told me at that time that he was the local representative of Sharp & Dohme at Dallas. * * * I further testified that the certified copy of a power of attorney showing that Mr. Russell had been appointed as agent for service in Texas by Sharp & Dohme, same being a certified copy of an instrument filed with the Secretary of State."

This is in effect all the testimony that was offered on the question of agency at the time the default judgment was rendered.

■ It is elementary that the testimony of an agent to prove his agency is not admissible, and the evidence of the witness as to the statement made to him by the agent, under this record, is inadmissible because hearsay and incompetent.

In Paggi et al. v. Rose Mfg. Co. et al. (Tex. Civ. App.) 259 S. W. 962, 966, writ denied, the court says: "There is another view, however, that renders the judgment by default against Paggi fatally defective; that is, that it was based on hearsay, hence incompetent evidence. Evidence within itself wholly incompetent, and therefore without probative force, gains no vitality because admitted without objection. It will not support a verdict by a jury or a finding of fact by a court. This is true, whether the judgment is by default or otherwise. Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197, 201, and authorities cited; Home Nat. Bank v. Herd (Tex. Civ. App.) 250 S. W. 250."

■ The testimony that a certified copy of an instrument filed with the secretary of state had appointed P. L. Russell as agent for service in Texas, if admissible, is without probative force. The record discloses that it was not considered by the court, since he finds Russell was "local agent" and not an "agent for service." The law requiring a foreign corporation, as a prerequisite to doing business in Texas, to file in the office "of the Secretary of State a power of attorney designating some individual who is a resident of this state, as its service agent upon whom process may be served in all suits," did not become effective until ninety days after June 1, 1933, and has no application, since the

judgment by default in this case was rendered on August 26, 1933.

Since the record fails to show that service was had on any officer or agent designated in article 2031, the judgment is reversed and the cause remanded.