**TEXACO, INC., Petitioner,**

v.

**Faye McEWEN, Respondent.**

No. 15996.

Court of Civil Appeals of Texas.

Dallas.

March 23, 1962.

Rehearing Denied April 20, 1962.

Thompson, Knight, Wright & Simmons, Pinkney Grissom and David S. Kidder, Dallas, for petitioner.

Fanning, Billings, Harper, Pierce & Gilley, and Woodgate, Richards & McElhaney, Dallas, for respondent.

WILLIAMS, Justice.

This case reaches this Court by petition for Writ of Error filed by Texaco, Inc., against Faye McEwen, a feme sole, seeking to set aside a default judgment against petitioner. Arts. 2249, 2249a and 2255, Vernon's Ann.Civ.St.

On September 20, 1960 Faye McEwen, sued three defendants, Warren A. Roach, d/b/a Bob Roach Texaco Service Station; Texaco, Inc.; and L. F. Corrigan. In her petition in the District Court she alleged that on February 19, 1960 she was caused to fall and injure herself while crossing a driveway of the Bob Roach Texaco Service Station in Dallas, Texas. She alleged that each of the named defendants were negligent and sought recovery, jointly and severally in the amount of $56,486.73. Her petition alleged that "plaintiff is a resident of Dallas County, Texas; defendant, Warren A. Roach can be served for process at the Bob Roach Texaco Service Station, 4700 block Lemmon Ave., Texaco, Inc. is a corporation licensed to do business in this State and can be served for process, through one of its agents, 3900 Singleton Blvd., Dallas, Texas; L. F. Corrigan can be served for process at the Corrigan Tower Building, Dallas, Texas." The petition did not allege any legal relationship between the three named defendants.

Citation, with return thereon, was filed on September 23rd, 1960, the essential part of said return being as follows:

"Came to hand on the 20th day of Sept. 1960 at 11:39 o'clock A.M.

"Executed at Dallas, Texas, within the County of Dallas at ———— o'clock ———— M on the day of ———————— 19 ————, by delivering to the within named Warren A. Roach, d/b/a Bob Roach Texaco Service Station, Texaco, Inc. by delivering to Warren A. Roach on September 20, A.D.1960 at 2:10 o'clock P.M., and L. F. Corrigan on September 22, A.D. 1960 at 2:25 o'clock P.M., defendants, each, in person, a true copy of this citation together with the accompanying copy of this petition, having first indorsed on same the date of delivery."

The return was signed by M. M. Gossett, Deputy for Roby Love, Constable, Precinct No. 1, Dallas County, Texas. Thereafter answers were filed by Warren A. Roach, d/b/a Bob Roach Texaco Service Station and by L. F. Corrigan. On October 19, 1960 default judgment was entered against Texaco, Inc. in the sum of $30,000, plus cost, said judgment reciting that Texaco, Inc. "though duly served with process had failed to appear and therefore made default." In the judgment of October 19, 1960 no disposition was made of the other two defendants. However, on November 22, 1960 Faye McEwen voluntarily nonsuited Warren A. Roach, d/b/a Bob Roach Texaco Service Station and L. F. Corrigan. In January 1961 execution was issued and levy was attempted against Texaco, Inc. It was alleged that this was the first notice that Texaco, Inc. had that suit had been filed against it and that default judgment had been taken. Thereafter a motion to vacate said default judgment was filed in the 44th District Court of Dallas County, Texas. The trial court granted the motion and the default judgment was set aside by order dated January 20th, 1961.

Original application for Writ of Mandamus was then made by Faye McEwen in the Supreme Court of Texas in Cause styled: McEwen v. Harrison et al. The Supreme Court in its opinion, 345 S.W.2d 706, granted the Writ of Mandamus and ordered the trial court to vacate the order setting aside the default judgment. The Supreme Court, speaking through Chief Justice Calvert, pointed out that the only question passed upon was whether or not the trial court had the power to set aside a default judgment after the expiration of more than 30 days from its entry even when the record upon which default judgment was based reflected that the court did not have jurisdiction of the person of the defendant at the time it was entered. The Court said:

"We hold that appeal by writ of error or a bill of review to set aside the judgment are the exclusive methods by which Texaco may have the default judgment vacated or set aside. * * * Our judgment here is without prejudice to the rights of Texaco, Inc. to file an appeal by writ of error or to file a bill of review to set aside the default judgment against it."

Pursuant to instructions of the Supreme Court an order was entered on May 4, 1961 by the District Court setting aside its prior order vacating the default judgment. Prior thereto, on April 28, 1961, petition for Writ of Error was perfected to this Court.

Petitioner directly attacks the default judgment rendered against it in three points of error, (1) because jurisdiction of the person of petitioner has not been obtained; (2) because the record shows that service of citation and petition were not had upon petitioner; and (3) because the record did not affirmatively reflect that service of citation and petition were had upon petitioner in accordance with the applicable statutes.

Before proceeding to a consideration of petitioner's points of error it becomes necessary for us to consider and pass

upon respondent's motion to dismiss the writ of error. The gravamen of respondent's motion to dismiss is that the writ of error was not filed within 6 months of the judgment rendered on October 19, 1960. It is without dispute that petition for writ of error was filed within 6 months following November 22, 1960, the date of the order of non-suit of the two remaining defendants. We are unable to agree with respondent's contention that petitioner has failed to meet the jurisdictional requirements concerning filing the writ of error within 6 months following final judgment. The applicable statute Art. 2255, V.A.C.S. provides: "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered." The question, therefore, is whether the judgment of October 19, 1960, wherein a default judgment was rendered against Texaco, Inc. only, was a "final judgment" within the meaning of this statute. The order of October 19, 1960 was not a "final judgment" which would have been appealable. It showed upon its face that it did not dispose of all of the parties to the action, namely, Roach and Corrigan. It was, therefore, an interlocutory order. Respondent, before the Supreme Court on application for writ of mandamus, admitted that the order of October 19, 1960 was interlocutory, there saying: "On November 22, 1960, relator appeared and non-suited the two other defendants, Warren A. Roach, d/b/a Bob Roach Texaco Service Station and L. F. Corrigan, *thereby disposing of all the parties and controversies before the Court and finalizing the interlocutory default judgment of October 19, 1960.*" (Emphasis ours).

■ The rule is so familiar as to preclude the necessity of citation of authorities to the effect that a judgment is not final, so as to be subject to appellate review unless it disposes of all of the defendants in the case. 3 Tex.Jur.2d § 86, p. 350. Our Supreme Court in Foster v. Bourgeois, 113 Tex. 489, 259 S.W. 917, held that the term "final judgment" used in a prior statute

regulating time to appeal and still used in statutes regulating time to sue out writ of error is the main judgment in the case that completely disposes of both parties and subject matter.

Any doubt which might remain concerning the finality of the judgment is set at rest by Chief Justice Calvert in the Mandamus proceedings before the Supreme Court in McEwen v. Harrison et al., 345 S.W.2d 706 wherein he says:

"Texaco failed to appear or answer, and on October 19, 1960 Judge Thornton, after hearing evidence as to the extent of relator's injuries, rendered a default judgment against Texaco. * * *On November 22, 1960 relator non-suited the other two defendants and the default judgment against Texaco thereupon became final.*" (Emphasis ours).

Respondent's motion to dismiss is overruled.

■ We now turn to the consideration of petitioner's points of error. Since petitioner's mode of review is by way of Writ of Error, which constitutes a direct attack upon the default judgment against it, the decisive question presented is whether there is error apparent on the face of the record which would vitiate the trial court's order. Milam County v. Robertson, 47 Tex. 222; Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; American Standard Life Ins. Co. v. Denwitty, Tex.Civ.App., 256 S.W.2d 864; Art. 2249a, V.A.C.S.; 3 Tex.Jur.2d Sec. 17, p. 287. The record here consists of more than the recitations contained in the default judgment concerning service. The question, then, is: What does the "face of the record" reveal? In her petition respondent named three parties defendant (1) L. F. Corrigan; (2) Warren A. Roach, d/b/a Bob Roach Texaco Service Station, 4700 Block Lemmon Ave.; and Texaco, Inc., a corporation licensed to do business in the State of Texas and who can "be served

for process, through one of its agents, 3900 Singleton Blvd., Dallas, Texas." Insofar as Texaco, Inc., is concerned no definite officer or agent is named upon whom service may be had. Warren A. Roach is not alleged to have been an agent of Texaco, Inc. for any purpose, whether for service of process or otherwise. Roach and Texaco, Inc. are co-defendants and nothing else. While she sued three defendants, respondent's attorney in a letter to the District Clerk, stated significantly: "Enclosed herewith are the *original and two copies* of our pleadings in the above entitled cause. Please file the original, issue citation, and forward same to Constable Roby Love's office in order that service might be obtained upon the *defendant*. Please place your file mark on the *extra copy* and return same to this office." (Emphasis ours).

The cost bill prepared by the District Clerk indicates only the original and "two copies" of the citation were prepared. The citation request from the respondent's attorney gave no instructions concerning upon whom service might be had against Texaco, Inc. Since only two copies of the citation were issued by the Clerk it becomes apparent that the Deputy Constable delivered one copy of the citation to L. F. Corrigan and another copy to Warren A. Roach. According to the Constable's return on the citation he served Texaco, Inc. by delivering to "Warren A. Roach" on September 20, A.D.1960, at 2:10 o'clock P.M. The default judgment recites that Texaco, Inc. was "duly served with process." There is no controversy but that Texaco, Inc. did not appear or participate in the trial court proceedings either in person, by agent or attorney.

Art. 2031, V.A.C.S. (1948) provided for service: "in any suit against a foreign corporation" on the president, vice-president, secretary, treasurer, general manager or any local or traveling agent or traveling salesman. Art. 2031a, V.A.C.S. (1948) applies to a foreign corporation which shall transact or do any business within this

State, and requires such foreign corporation to designate a resident agent for service, and authorize service on the Secretary of State in the event such resident agent cannot be found. Considerable difficulty and confusion resulted from the provision of the statute authorizing service on "local or traveling agent or traveling salesman", as evidenced by the adjudicated cases. In 1955 the Legislature enacted what is known as the Business Corporation Act, Art. 8.10, V.A.T.S. thereof providing for service of process on foreign corporations. It is there provided that the president and all vice-presidents of the foreign corporation authorized to transact business in this State and the registered agent so appointed by the foreign corporation shall be agents of such corporations upon whom any process, notice, or demand required are permitted by law to be served upon the corporation may be served. It is further provided that when a foreign corporation shall fail to appoint or maintain a registered agent that service may be had upon the Secretary of State. These statutes provide for the only method of obtaining service or process upon a foreign corporation authorized to do business in this State. There is no alternative method for obtaining jurisdiction of the person of such a corporation in the courts of this State unless such corporation voluntarily appears or waives service or process. 14 Tex.Jur.2d § 484, p. 588.

█ It has long been the established law of this State that it is imperative and essential that the record affirmatively shows a strict compliance with the provided mode of service. Thus, in the early case of Roberts v. Stockslager, 4 Tex. 307, 308 (1849) Chief Justice Hemphill, in holding a default judgment invalid, said:

"The provisions of the statute as to the mode of service and the fullness of the return are as plain as they are imperative. They cannot be mistaken, and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires ju-

risdiction over the person of the defendant; and as this is necessary to give validity to its acts and judgments, the regulations on the subject should be strictly observed by the officers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined."

Chief Justice Fly, of the San Antonio Court of Civil Appeals, in Household Furniture Co. v. Alvarado, 246 S.W. 1111 (1923), reiterated the rule, stating that it has been the established law in Texas for over 70 years, and it has never been questioned or limited in any manner.

In Sharp & Dohme v. Waybourne, Tex. Civ.App., 74 S.W.2d 413, attempted service was had upon Sharp & Dohme by "delivering to P. L. Russell, its agent," together with a certified copy of petition. Default judgment against the corporation in that case was vacated, the court holding that under the established authority the default judgment should be vacated and a new trial granted unless there was proof, independent of the allegations in the petition, the citation, and the statement in the sheriff's return, to show service on some officer or agent of the company designated by the statute. The court held that whether the person served as local agent, was in fact such, must be affirmatively shown before default judgment would be proper.

See also National Cereal Co. v. Earnest, Tex.Civ.App., 87 S.W. 734; Holcomb & Hoke Mfg. Co. v. Amason, Tex.Civ.App., 2 S.W.2d 360; National Ben Franklin Fire Ins. Co. v. Scott, Tex.Civ.App., 214 S.W. 604; Miller v. First State Bank & Trust Co., Tex.Civ.App., 184 S.W. 614; Remington-Rand Business Service, Inc. v. Angelo Printing Co., Tex.Civ.App., 31 S.W.2d 1098 and Texas Pipe Line Co. v. Miller, Tex.Civ. App., 71 S.W.2d 348.

It is evident that the "face of the record" in this case does not affirmatively reveal that Texaco, Inc., a corporation authorized to do business in this State, was served with process in the plain and specific manner provided by either the old or new statute. The petition itself does not designate Warren A. Roach as agent or officer of the corporation. The instructions to the serving officer does not designate Roach as the proper person for service upon the corporation. The return of the serving officer merely indicates that he served Texaco, Inc. by serving someone named Roach. This obviously, is not sufficient to comply with the law relating to service and the default judgment based thereon cannot stand. Petitioner's points are therefore sustained, and respondent's crosspoints are overruled.

The default judgment against petitioner is ordered vacated and set aside and the cause remanded to the trial court for trial on the merits.

Reversed and remanded.