**ANGLO MEXICANA de SEGUROS, S.A., Appellant,**

v.

**Diane Kaiser ELIZONDO, Individually and as next friend of Keith Walter and Kent Dennis Elizondo, Appellee.**

**No. 195.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 9, 1966.

Rehearing Denied Aug. 31, 1966.

Barnes & Elick by Charles Elick, McAllen, for appellant.

Cox & Patterson, McAllen, for appellee.

## OPINION

SHARPE, Justice.

This case reaches this court by petition for Writ of Error filed by Anglo Mexicana de Seguros, S.A., defendant below, seeking relief against Diane Kaiser Elizondo, Individually and as next friend for two sons of her deceased husband, plaintiff below, to set aside a default judgment against petitioner. The parties will be referred to as in the lower court.

Plaintiff brought suit upon an automobile insurance policy issued by defendant providing for payment of damages resulting from collision and upset on a 1964 Rambler Classic Automobile while operated within the Republic of Mexico. The petition alleged that her husband Nicandro Elizondo, the named insured, was accidentally killed on January 17, 1965, in an automobile wreck in Madero, Mexico, and the Rambler automobile then being driven by him was a total loss, for which she was entitled to recover $2450.00. Default judg-

ment was rendered in that amount against the defendant.

Plaintiff has filed a written motion to dismiss this cause for want of jurisdiction. Defendant opposes that motion and contends by nine points of error that the default judgment should be reversed. The first five points assert in substance that the trial court did not acquire jurisdiction over defendant and that the judgment is void because process was not served on it in accordance with Article 8.24(d), Insurance Code, V.A.T.S., the applicable statute, and, particularly, that the record does not affirmatively show valid service. Points 6 and 7 assert that there was no pleading or competent evidence to support the award nor to establish appellee's entitlement to recover $2450.00 individually and as next friend, or in either capacity. Points 8 and 9 assert that Article 8.24, Insurance Code, and particularly Section (d) thereof, is unconstitutional.

■ Plaintiff's motion to dismiss this writ of error proceeding for lack of jurisdiction in this court is overruled. Defendant did not participate in the trial in the lower court which resulted in default judgment against it on June 21, 1965. No attempt was made to take a regular appeal. On September 1, 1965, defendant filed proper petition for writ of error and bond in the trial court and thereafter timely filed the record in this court. Defendant has fully complied with the statutes and rules concerning this writ of error proceeding and we have jurisdiction of it. Articles 2249, 2249a, 2255, Vernon's Ann.Civ.St.; Rules 359–363, Texas Rules of Civil Procedure; McEwen v. Harrison, et al, 162 Tex. 125, 345 S.W.2d 706, 711 (1961), (Mandamus Proceeding); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App.1962, wr. ref., n. r. e., Writ of Error proceeding); White Motor Company v. Loden, 373 S.W. 2d 863, n. w. h.); Investors Diversified Services, Inc., v. Bruner, 366 S.W.2d 810 (Tex.Civ.App.1963, wr. ref., n. r. e.); Appellate Procedure in Texas, Chapter 5.

■ Defendant's contention that the record herein does not affirmatively establish that service of process was made on it in accordance with the applicable statute is well taken and must be sustained. Absent such a showing, the trial court was without jurisdiction and the default judgment is void.

Art. 8.24(d), Insurance Code, V.A.T.S., provides two methods for service of legal process upon a Mexican Insurance Carrier of the kind involved here: (1) by serving the agent, which the Carrier is required to designate, (2) alternatively, in the event process cannot be served upon the designated agent, service may be made upon the Chairman of the Board of Insurance Commissioners of Texas. The latter is a different official than the Insurance Commissioner of the State of Texas. The alternative method of service is not actually involved in this case.

Plaintiff alleged that appellee "was a foreign insurance company, duly authorized to do business in the State of Texas, and upon whom service may be had by serving J. M. Nutt, Commissioner of Insurance of the State of Texas, 1110 San Jacinto, County of Travis, City of Austin, Texas." The return on the citation states that it was served on "Anglo Mexicana de Seguros, S.A., by delivering to J. M. Nutt, Insurance Commissioner of State of Texas, as agent for service." The record further reflects a certificate by the Commissioner of Insurance, dated June 16, 1965, stating that citation and copy of the petition were served on him April 29, 1965, that they were forwarded on the same date to defendant in Mexico City by registered mail with return receipt requested, and that a letter of acknowledgment from defendant had been received by his department. The dates of the receipt and the letter from defendant were not given. The judgment recites that "though duly served with process in said cause, the said defendant, as at all times heretofore, failed to appear or answer in this behalf, but wholly made default." The judgment further recites that the trial judge

heard evidence on the unliquidated cause of action and that plaintiff was entitled to recover $2450.00.

 It appears that the precise point here involved under Art. 8.24(d), Insurance Code, has not been passed upon in any reported Texas case. However, the guiding principles relating to service of process on foreign corporations have been recognized and applied under similar statutes, particularly Articles 8.08 and 8.10, Texas Business Corporation Act, V.A.T.S. See, also Articles 2031, 2031a and 2031b, V.A.C.S. It is well settled that in order to obtain jurisdiction over a foreign corporation, the record must show a strict compliance with the provided method of service of process. Whether the person served was in fact the agent for service of process must be affirmatively established before default judgment can be proper. White Motor Company v. Loden, 373 S.W.2d 863 (Tex. Civ.App.1964, n. w. h.); Investors Diversified Services v. Bruner, 366 S.W.2d 810 (Tex.Civ.App.1963, wr. ref., n. r. e.); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex. Civ.App.1962, wr. ref., n. r. e.); Sharp & Dohme, Inc. v. Waybourne, 74 S.W.2d 413 (Tex.Civ.App.1934, n. w. h.). In the last-cited case the court held that a default judgment against a foreign corporation should be vacated unless there was proof, independent of the allegations in the petition, the citation, and the statement in the sheriff's return, to show service on some officer or agent of the corporation designated by the applicable statute. The record herein fails to establish that the Insurance Commissioner of the State of Texas has been designated by defendant as its agent for service. However, plaintiff states in her original brief that there is on file in the office of the State Board of Insurance Commissioners a written appointment of the Commissioner of Insurance as the defendant's agent for service of process, and offers to furnish a certified copy of same to this Court as well as to opposing counsel. In White v. Loden, supra, a similar offer of proof was made to the Dallas Court of Civil Appeals. We agree with the holding there that such fact should have been proved in the trial court, and that such evidence, which was necessary to make out a prima facie case to support a default judgment in the trial court, cannot be permitted for the first time on appeal.

The judgment of the trial court must be reversed and the cause remanded for the reasons stated. Under this holding, discussion of appellant's points 6 through 9 is deemed unnecessary. The question relating to service of process will no longer be present in this case because the defendant by prosecuting this writ of error proceeding has entered its appearance not only in this Court but for future proceedings in the trial court as well. Rule 123, T.R.C.P.; Bonanza, Inc. v. Lee, 337 S.W.2d 437, 440 (Tex.Civ.App.1960, n. w. h.).

Reversed and remanded.