**AETNA CASUALTY AND SURETY COM-PANY, Appellant,**

v.

**Ida Scott DOBBS et al., Appellees.**

**No. 4170.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Lewright, Dyer & Redford, Cecil D. Redford, Dudley B. Foy, Jr., Corpus Christi, for appellant.

James DeAnda, Corpus Christi, for appellees.

GRISSOM, Chief Justice.

Ida Scott Dobbs and William E. Scott, individually and as representatives of the estate of Anna May Scott, deceased, sued Aetna Casualty and Surety Company. They alleged that the "defendant is a foreign insurance company and the Commissioner of Insurance of the State of Texas is its attorney for service of legal process." Citation was issued and directed to be served on Aetna Casualty and Surety Company "by serving its attorney for service, the Commissioner of Insurance of the State of Texas." The officer's return shows the citation was served on "Aetna Casualty and Surety Company, by delivering to Clay Cotton, Insurance Commissioner State of Texas as agent for service." The citation and the officer's return were filed

with the Clerk on August 24, 1966. On September 14, 1966, the court rendered a default judgment against said insurance company for $14,933.00. It recited that the defendant, though duly served with process, wholly made default. Aetna Casualty and Surety Company did not appear in the trial court but it has timely removed the case to this court by petition for writ of error. Such procedure constitutes a direct attack on said judgment. Texaco, Inc. v. McEwe, Tex.Civ.App., 356 S.W.2d 809, 812.

■ Appellant says the essence of the Issues presented is the fundamental constitutional question of whether it can be deprived of its property on a record which does not show that it has been accorded due process of law. Absent valid service of process the court did not have jurisdiction to render a money judgment against appellant. Without such jurisdiction an award of appellant's money to appellee was made without due process of law. In Roberts v. Stockslager, 4 Tex. 307, 309, our Supreme Court held that the statutory provisions as to the mode of service and the fullness of the return were as plain as they were imperative; that the statutes prescribed the mode by which the court could acquire jurisdiction over the person of the defendant and, as this was necessary to give validity to its judgment, such regulations should be strictly enforced. It held that notice in the form prescribed by statute was essential to jurisdiction of the court and, where the defendant did not appear, it was the duty of the court to ascertain before proceeding with the case whether the defendant had been legally brought within judicial cognizance in relation to the subject matter pending before the court.

Appellant says that, because our State and Federal Constitutions make valid service of process prerequisite to validity of a state court judgment against a foreign corporation, Texas courts have been careful in scrutinizing such judgments to lay down fundamental safeguards to ensure that such defendants, who have suffered a default judgment to be rendered against them, be not deprived of their property without due process of law.

■ In McKanna v. Edgar, Tex.Civ. App., 388 S.W.2d 927, 928, our Supreme Court said that the established law in Texas required that the record affirmatively shows strict compliance with the mode of service provided by statute and that there were no presumptions of such service in a direct attack upon such a default judgment. It held that in such a case as this there were no inferences of the essential jurisdictional facts but that they must affirmatively appear on the face of the record and that the plaintiff had the burden of making sufficient allegations to bring such a defendant within the provisions of the statutes prescribing the method of service of process on it. It held that a return showing service on the Secretary of State could not supply the missing jurisdictional facts upon which such service must depend. The Supreme Court announced the rule that a plaintiff seeking to obtain service upon a non-resident defendant sufficient to support a default judgment must plead facts which show that such defendant is within the classification of non-residents upon which the statute authorizes service. Appellant says, and we think correctly, that such rule is a logical extension of the doctrine that in personam jurisdiction over a non-resident must affirmatively appear on the face of the record for a default judgment against him to stand on direct attack. The pleadings, citations and return must show a strict compliance with the mode of service provided by statute. The question is whether this record affirmatively shows that service has been had in strict accord with a state law providing therefor. Unless the record first affirmatively shows that the foreign corporation defendant is one upon whom the Legislature of Texas has authorized service of process, it cannot affirmatively show strict compliance with a statutory mode of service provided for such a defendant.

Appellant says the record is insufficient to support the default judgment in two respects, to-wit:

(1). It does not show the jurisdictional facts necessary to determine whether the Legislature has authorized service of process on this appellant and

(2). It does not affirmatively show that service was had in strict compliance with the mode provided by statute.

It further contends that jurisdiction not being apparent on the face of the record the default judgment cannot stand. In support thereof it cites Anglo Mexicana de Seguros, S.A. v. Elizondo, Tex.Civ.App., 405 S.W.2d 722, (Wr. ref. n.r.e.); McKanna v. Edgar, supra; State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440 and Levy v. Roper, 113 Tex. 356, 256 S.W. 251. We sustain said contentions and the points under which they are presented.

There are several statutes providing for service on a foreign corporation which are not related to the business of such a corporation. There are articles of the Insurance Code fixing the mode of service on specific types of insurance companies. We think it is clear that appellees failed to allege jurisdictional facts requisite to an affirmative showing that any of such statutes authorized service on such a Company as the appellant or that there was compliance with the mode of service prescribed for it. Appellees did not allege or prove what statute fixed the mode of acquiring in personam jurisdiction over appellant, or that they complied therewith. Appellees alleged only that (a) the defendant was a foreign insurance company and that (b) the Commissioner of Insurance was its attorney for service of process. Citation was issued to be served upon Aetna Casualty and Surety Company "by serving its attorney for service, the Commissioner of Insurance of the State of Texas." The return shows service on "Aetna Casualty and Surety Company, by delivering to Clay Cotton Insurance Commissioner State of Texas as agent for service." No statute

and no appointment of the named official is pointed out as making said official appellant's agent for service.

Article 3.65 of the Insurance Code, V.A.T.S. requires that any "foreign company," defined by Sec. 6 of Art. 3.01 of the Code as a foreign life, accident or health company, engaged in or desiring to do business in Texas, file a written power of attorney with the "Board of Insurance Commissioners", appointing the Chairman of said Board as its agent for service. The Board of Insurance Commissioners was changed to State Board of Insurance by Article 1.02(a) and (c) of the Insurance Code. Appellees pointed out no statute giving the court jurisdiction to render a money judgment against appellant by service on the Commissioner of Insurance, nor do they show that such an appointment was actually made.

Appellees did not allege that Aetna Casualty and Surety Company was a foreign life, health or accident insurance company engaged in or desiring to do business in Texas. They did not allege that it had filed a written power of attorney with the State Board of Insurance appointing its Chairman as its agent for service of process. They failed to affirmatively show by either allegation or evidence that the Legislature granted any right of service of process on such a non-resident defendant as Aetna Casualty and Surety Company under any statute. Appellees had the burden of pleading and proving jurisdictional facts in order to confer jurisdiction over appellant. The Chairman of the State Board of Insurance required to be appointed by the "foreign company" dealt with in Article 3.65 is a different person from "the Commissioner of Insurance of the State of Texas", alleged by appellees to be appellant's "attorney for service of process." Article 1.02(d) of the Insurance Code provides that "the Governor" shall appoint from among the members of the State Board of Insurance a Chairman, who shall be known as the Chairman of the State Board of Insurance. Article 1.09(a) of the Insurance Code provides that

"[t]he Board shall appoint a Commissioner of Insurance". It is thus demonstrated that the Chairman of the State Board of Insurance is appointed by the Governor. The Commissioner is appointed by the State Board of Insurance. Therefore, appellees' allegations that the Commissioner of Insurance was Aetna's attorney for service and that they procured service on the "Insurance Commissioner of the State of Texas" does not show compliance with the mode of service provided for in Article 3.65 as amended by Art. 1.02(d), to-wit, service upon the "Chairman of the State Board of Insurance" as agent and attorney in fact for accepting service under a written power of attorney filed with the "State Board of Insurance", nor does it show any statutory provision for service on appellant or that it complied therewith.

We agree with appellant's contention that appellees failed to prove that the "Commissioner of Insurance" or the "Insurance Commissioner of the State of Texas" or "Clay Cotton" was the agent of Aetna for service. Under such circumstances, our conclusion is controlled by the decision in Anglo Mexicana de Seguros, S. A. v. Elizondo, Tex.Civ.App., 405 S.W.2d 722, 724, (Ref. N.R.E.), wherein substantially the same question was presented. There the Corpus Christi court had before it a petition for writ of error to set aside a default judgment rendered against a Mexican Casualty Company. The insurance company attacked that judgment upon the ground that the record did not affirmatively show valid service. The situation there presented is shown in the opinion by Judge Sharpe, as follows:

"Defendant's contention that the record herein does not affirmatively establish that service of process was made on it in accordance with the applicable statute is well taken and must be sustained. Absent such a showing, the trial court was without jurisdiction and the default judgment is void.

Art. 8.24(d), Insurance Code, V.A.T.S., provides two methods for service of legal process upon a Mexican Insurance Carrier of the kind involved here: (1) by serving the agent, which the Carrier is required to designate, (2) alternatively, in the event process cannot be served upon the designated agent, service may be made upon the Chairman of the Board of Insurance Commissioners of Texas. The latter is a different official than the Insurance Commissioner of the State of Texas. The alternative method of service is not actually involved in this case.

Plaintiff alleged that appellee 'was a foreign insurance company, duly authorized to do business in the State of Texas, and upon whom service may be had by serving J. M. Nutt, Commissioner of Insurance of the State of Texas, 1110 San Jacinto, County of Travis, City of Austin, Texas.' The return on the citation states that it was served on 'Anglo Mexicana de Seguros, S. A. by delivering to J. M. Nutt, Insurance Commissioner of State of Texas, as agent for service.' "

The court held the default judgment was void, saying at page 725:

"It is well settled that in order to obtain jurisdiction over a foreign corporation, the record must show a strict compliance with the provided method of service of process. Whether the person served was in fact the agent for service of process must be affirmatively established before default judgment can be proper. White Motor Company v. Loden, 373 S.W.2d 863 (Tex.Civ.App.1964, n. w. h.); Investors Diversified Services, [Inc.] v. Bruner, 366 S.W.2d 810 (Tex.Civ.App. 1963, wr. ref., n. r. e.); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App. 1962, wr. ref. n. r. e.); Sharp & Dohme, Inc. v. Waybourne, 74 S.W.2d 413 (Tex. Civ.App.1934, n. w. h.). In the last cited case the court held that a default judgment against a foreign corporation should be vacated unless there was proof, independent of the allegations in the petition,

the citation, and the statement in the sheriff's return, to show service on some officer or agent of the corporation designated by the applicable statute. The record herein fails to establish that the Insurance Commissioner of the State of Texas has been designated by defendant as its agent for service."

That case was substantially identical to this one so far as the allegations relative to service and the return are concerned. This record not only fails to affirmatively show a strict compliance with any statutory method of service on a foreign corporation, it does not even show the jurisdictional facts requisite to invoke jurisdiction over Aetna under any methods for service provided by any statute. The record does not show affirmatively that "Clay Cotton, Commissioner of Insurance" was the agent for service of process upon Aetna, as required by the Elizondo decision, where the court was told what statute prescribed the persons who might be served with such process. Such requirement is more compelling here, where the record does not even show the facts requisite to determine what statute is applicable.

Aetna contends, and we think correctly, that this same analysis and conclusion must be made with respect to Article 9.19 of the Insurance Code, which requires certain foreign corporations engaged in or desiring to do business in Texas to file a power of attorney appointing the Chairman of the Board its agent or attorney in fact for service. See Article 10.24 of the Insurance Code, requiring foreign fraternal benefit societies to file a power of attorney designating the Chairman as its agent for service as a condition precedent to being licensed, and Article 15.14 of the Insurance Code, which make the same requirement of foreign mutual companies. Statutory references to the Board of Insurance Commissioners and the Chairman of that Board were changed to the State Board of Insurance and Chairman of the State Board of Insurance by Article 1.02(c) of the Insurance Code.

Appellees did not allege that Aetna was any of such companies. The appellees did not offer any proof that Aetna was such a company. They did not make any proof of the filing by Aetna of any appointment of an agent for service under any statute. They did not prove that "Clay Cotton, Insurance Commissioner State of Texas" was, in fact, Aetna's agent for service. By reason thereof, this record does not support the default judgment, under any of said statutes. Appellees failed to plead or prove the jurisdictional facts showing that Aetna was subject to service under any statute or that service was had in accord with any statute. The record fails to affirmatively show jurisdiction by virtue of service of process by compliance with any modes prescribed by any statute. We could, as Aetna does, continue to show other statutory provisions for service of process which were not shown to be either applicable or to have been complied with. This is not necessary because the record fails to affirmatively show jurisdiction of the trial court by virtue of service of process in compliance with any statutory mode of service. As stated in the Elizondo case, "It is well settled that in order to obtain jurisdiction over a foreign corporation, the record must show a strict compliance with the provided method of service of process. Whether the person served was in fact the agent for service of process must be affirmatively established before default judgment can be proper * * *." Since this record fails to show a strict compliance with any mode of service of process upon a foreign company and fails to show that "Clay Cotton" "Insurance Commissioner State of Texas", was in fact Aetna's agent for service of process, the default judgment must be set aside because the record fails to affirmatively show jurisdiction over Aetna.

Appellant goes still further and demonstrates that under the general statutes of Texas providing modes of service of process on foreign corporations that the record fails to show that the person served was, in fact, the agent for service of process. Without discussing such statutes, we think the

same analysis and conclusion must be applied to them. The same is true with reference to similar provisions in the Texas Business Corporation Act.

We conclude that appellees did not (1) plead or prove facts conferring jurisdiction over Aetna under any statute prescribing a mode for service of process on a foreign corporation; (2) did not plead or prove facts showing that the service of process was had in compliance with any mode of service so provided and (3) did not prove that "Clay Cotton, Insurance Commissioner of the State of Texas, as agent for service" was in fact the agent for service upon Aetna. We conclude that the record fails to affirmatively show compliance with any mode of service prescribed by any statute for service of process upon such a defendant as Aetna. Without such showing the default judgment is void.

The judgment is reversed and the cause is remanded.