**BANKERS LIFE AND CASUALTY COMPANY, Appellant,**

v.

**James H. WATSON, Appellee.**

**No. 414.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 12, 1968.

Rehearing Denied Jan. 9, 1969.

Spruiell, Lowry, Potter, Lasater & Guinn, Clarence V. Bray, Tyler, for appellant.

H. M. Harrington, Jr., Longview, for appellee.

DUNAGAN, Chief Justice.

This is an appeal by writ of error by the defendant, Bankers Life and Casualty Company, from a default judgment entered in the 124th Judicial District Court of Gregg County, Texas, in favor of the plaintiff who sued for payment of benefits under an insurance policy.

On May 1, 1968, plaintiff (appellee) filed his petition against the defendant (appellant) seeking damages for the non-payment of benefits under an insurance policy issued to him by the defendant. The plaintiff's petition alleges "Defendant, Bankers Life and Casualty Company, is a foreign corporation with its principal office in Chicago, Illinois, conducting business in Texas under a permit to do so issued by the Secretary of State, and with an agent and representative, Everett Hall, a resident of Tyler, Smith County, Texas, upon whom service of citation may be had in this cause at 1800 E. Houston." The sheriff's return upon the citation shows that service was had on May 6, 1968, upon "Bankers Life and Casualty Co. by serving its agent, Everett Hall."

No answer was filed by the defendant and on May 28, 1968, the trial court ren-

dered a judgment in the absence of the defendant and granted recovery to the plaintiff in the principal amount of $1,779.97.

Upon learning of the judgment more than 30 days after its rendition, but within six months, appellant-defendant now seeks relief by prosecuting writ of error to the Court of Civil Appeals.

There is no statement of facts in this case and the entire record consists of the Transcript and Supplemental Transcript.

The appellant by its sole point of error asserts that: "The trial court erred in rendering the default judgment against the appellant for the reason that the appellant was never legally brought under the jurisdiction of the court due to the failure to properly serve the appellant by any prescribed method of service of process."

■ Since Bankers Life's mode of review by way of writ of error constitutes a direct attack on the default judgment, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App., Dallas, 1962, writ ref., n. r. e.); McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup., 1965).

■ The law is well settled that in order to obtain jurisdiction over a foreign corporation, the record must show strict compliance with the provided method of service of process. McKanna v. Edgar, supra; Anglo Mexicana de Seguros v. Elizondo, 405 S.W.2d 722 (Tex.Civ.App., Corpus Christi, 1966, writ ref., n. r. e.). It is also settled that "Whether the person served was in fact the agent for service of process must be affirmatively established before default judgment can be proper." White Motor Company v. Loden, 373 S.W.2d 863 (Tex.Civ.App., Dallas, 1964, n. w. h.); Anglo Mexicana de Seguros v. Elizondo,

supra; see also Roberts v. Stockslager, 4 Tex. 307 (1841).

Although there are apparently several provided methods of service of process for serving the defendant to which the above principles may be applied, it is the appellant's position that the record fails to show it was properly served under any of such methods.

By alleging the defendant to be a "foreign corporation," it would appear that the plaintiff has thereby alleged jurisdictional facts sufficient only to bring the defendant under Articles 2031 and 2031a,[1] being the only statutes which provide for service on foreign corporations which are not related to the business of such corporation. Articles under Business Corporation Act, V.A.T.S. are not applicable because the Act by Article 9.14 does not apply to insurance companies that operate under the laws of this state.

■ At this point we should state the rule of law that "Unless the record first affirmatively shows that the foreign corporation defendant is one upon whom the Legislature of Texas has authorized service of process, it cannot affirmatively show strict compliance with the statutory mode of service provided for such a defendant." Aetna Casualty and Surety Company v. Dobbs, 416 S.W.2d 869 (Tex.Civ.App., Eastland, 1967, writ ref., n. r. e.).

■ Article 2031 provides for service in suits against foreign corporations by serving the "President, Vice-President, Secretary, Treasurer, General Manager, or upon any local or travelling agent or travelling salesman of such corporation." Upon its face, the record in this case does not comply with this Article as nowhere is it alleged that Everett Hall is one of the designated officers of the corporation or a local or travelling agent or travelling salesman. This precise point was considered by

1. All references herein are to Vernon's Ann.Texas Civil Statutes unless otherwise indicated.

the court in National Cereal Company, Ltd. v. Earnest, 87 S.W. 734 (Tex.Civ.App., 1905, n. w. h.) in which service was attempted on the defendant corporation by delivery of the citation to "S. G. Banks, agent" and the sheriff's return recited delivery to "S. G. Banks, agent, in person." The court held the service insufficient and stated:

" * * * The description of Banks both in the citation and the return is insufficient to show that he was local agent within the state. In both he is described generally as agent. What kind of agent is not stated in either, and service on one who is agent is not authorized. He must be a local agent within the state, and this must affirmatively appear, before judgment by default would be proper. In the petition Banks is described as defendant's agent in the state of Texas, who resides at Dallas. If the allegation would be permitted to aid the citation and return, it does not show that Banks was local agent of defendant in Texas. * * * What kind of agent— general or local—or whether his authority covered a district of the state, or extended throughout the state, is not alleged. The fact that he resided in Dallas would throw no light on the question. * * * The statute is plain and easily complied with. To authorize a judgment by default, the service should be in conformity with its terms. And on appeal the record, * * * should disclose it. No one can say from this record whether Banks was a local agent or not. * * * "     .

This point was also considered in Sharp & Dohme v. Waybourne, 74 S.W.2d 413 (Tex.Civ.App., Amarillo, 1934, no writ history). In this case the plaintiff alleged that the defendant was a foreign corporation "having as its agent in this state upon whom service may be had, P. L. Russell." The citation directed the sheriff to summon Sharp & Dohme (and in pencil, P. L. Russell, agent) and the sheriff's return recited: "Sharp & Dohme, by delivering to P. L. Russell, its agent." After citing the National Cereal Company, Ltd. v. Earnest, supra, the court stated that: "Under these authorities the default judgment should have been vacated and a new trial granted, unless there was proof, independent of the allegations in the petition, the citation, and the statement in the sheriff's return, to show service on some officer or agent of the company designated by the statute." See also Anglo Mexicana de Seguros v. Elizondo, supra.

This record is wholly absent of any affirmative showing that the person served was one of the officers of the defendant-appellant corporation or a local or travelling agent or travelling salesman as designated by Art. 2031. From the above cited authority it is clear that the trial court acquired no jurisdiction of the defendant by service under Art. 2031.

The second statute with possible application is Art. 2031a. This article requires a foreign corporation who transacts or does any business in the state to designate a resident agent as its service agent, and authorizes service on the Secretary of State in the event the resident agent cannot be found. As under the analysis of the prior statute, there is no allegation that Everett Hall is the service agent of the defendant and thus, no strict compliance with the statute. Neither is there any affirmative showing independent of the petition, citation, and return that Everett Hall was in fact the designated agent of the company required by the statute for the service of process.

We do not think Employer's Reinsurance Corporation v. Brock, 74 S.W.2d 435 (Tex. Civ.App., Eastland, 1934, writ dism.) cited by appellee is in point. In the Brock case, the sheriff's amended return showed service upon John R. Young *local agent* for the defendant. The Supreme Court in Mc-Kanna v. Edgar, supra, pointed out that in the Brock case "The court held that in view

**408**

of the sheriff's amended return which recited that service was had on the defendant through its 'local agent John R. Young,' it was unnecessary for the plaintiff to introduce *proof* of his agency." In the case at bar, neither the pleadings, citation nor the sheriff's return shows Everett Hall, upon whom service was had, to be a local or travelling agent or travelling salesman for the defendant, Bankers Life and Casualty Company.

■ It is true the judgment recites "the Defendant though duly served with process * * * failed to appear or answer in its behalf but has wholly made default; * * *" However, again the Supreme Court in McKanna v. Edgar, supra, has held " * * * While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. See Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935). We think the same rule would apply to inferences of jurisdictional facts in a direct attack. Cf. Walker v. Koger, 99 S.W.2d 1034 (Tex.Civ. App. 1936, wr. dism.); National Cereal Co. v. Earnest, 87 S.W. 734 (Tex.Civ.App. 1905, no writ). * * *"

■ The question concerning the service of citation will not be present at the retrial of this cause, because the defendant-appellant by prosecuting this writ of error proceeding has entered its appearance not only in this court, but for further proceedings in the trial court as well. Rule 123, Texas Rules of Civil Procedure; Bonanza, Inc. v. Lee, 337 S.W.2d 437, 440 (Tex.Civ. App., Dallas, 1960, n. w. h.); Anglo Mexicana de Seguros v. Elizondo, supra.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.