**CENTRAL BANK & TRUST COMPANY,**
**Appellant,**

v.

**Donald H. NEWMAN, Appellee.**

No. 689.

Court of Civil Appeals of Texas, Tyler.

April 26, 1973.

Rehearing Denied May 17, 1973.

Dan L. Nicewanter, Gardere, Porter & DeHay, Dallas, for appellant.

Philip R. Russ, Skibell & Russ, Dallas, for appellee.

McKAY, Justice.

This is a petition for writ of error alleging that the trial court was without jurisdiction to render an in personam judgment against appellant.

Donald H. Newman on February 23, 1972, brought suit against the First National Bank of Corsicana, Goodbody & Company, and Merrill Lynch, Pierce, Fenner and Smith alleging that the bank, without authority, had transferred to it from Central Bank and Trust Co. of Denver,

Colorado, certain funds from appellee's savings account and applied them to appellee's note, and that certain corporate debentures were unlawfully converted and the funds derived therefrom appropriated by all defendants without authority. By supplemental petition filed May 26, 1972, appellee brought Central Bank and Trust Co. (hereinafter Central) in as a defendant and alleged that Central "although not authorized so to do, conducts business within the State of Texas, and Plaintiff believes it maintains agents and representatives in Dallas County, Texas" and that Central, without authority, transferred Twenty Thousand and No/100 ($20,000.00) Dollars of appellee's funds to the Corsicana bank.

Citation for Central was issued by the District Clerk of Dallas County, apparently under Rule 108, Texas Rules of Civil Procedure, and the return made thereon shows that the bank was served by "delivering to Joseph Lincoln, Personally said Defendants Vice President and Managing Agent in Charge at their Usual Place of business" by David Bryant, Deputy Sheriff of Denver County Colorado, on May 31, 1972.

On June 27, 1972, an interlocutory judgment by default was rendered against Central. On June 30, 1972, Central made special appearance pursuant to Rule 120a, Texas Rules of Civil Procedure, objecting to the jurisdiction of the trial court over its person or property. On July 11, 1972, appellee took a non-suit as to the First National Bank of Corsicana, Goodbody & Co., and Merrill Lynch, Pierce, Fenner and Smith. On July 14, 1972, final judgment by default was rendered by the trial court against appellant bank for Twenty Thousand and No/100 ($20,000.00) Dollars, and such judgment recited:

"* * * though duly served with process, the said Defendant, CENTRAL BANK AND TRUST COMPANY, as at all times heretofore, failed to appear or answer in this behalf, but wholly made default.

"WHEREFORE, the citation with the officer's return thereon, having been on file with the Clerk of this Court for ten (10) days exclusive of the day of the filing or this day, and every process was duly and legally performed and notice duly given Defendants, nevertheless CENTRAL BANK AND TRUST COMPANY made default; * * *"

By its only point appellant bank says that the trial court erred by rendering judgment by default against it without having jurisdiction over it since it is a foreign corporation and service was had upon an officer of the bank in Colorado.

The Supreme Court of the United States in the early case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (October term 1877) adopted the rigid rule that any judgment purporting to bind the person of a defendant over whom the court had not acquired in personam jurisdiction was void within the State as well as without. That case has been followed many times but the rule has been relaxed somewhat to the flexible standard set out in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) where the court said:

"* * * (D)ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he had certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

The standard set out in *International Shoe* has been followed in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed.2d 1238 (1958), and by our Texas Supreme Court in O'Brien v. Lanpar Company, 399 S.W.2d 340 (1966).

Justice Pope in the O'Brien case quotes with approval from Tyee Construction Co. v. Dulien Steel Products, Inc. of Washington, 62 Wash.2d 106, 381 P.2d 245, 251 (1963) concerning "three baisc factors

which should coincide if jurisdiction over a nonresident corporation is to be entertained:"

" * * * Such would appear to be:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

National Truckers Service, Inc. v. Aero Systems, Inc., 480 S.W.2d 455 (Tex.Civ. App.—Ft. Worth, 1972, wr. ref'd., n. r. e.); Uvalde Rock Asphalt Co. v. Consolidated Carpet Corp., 457 S.W.2d 649 (Tex.Civ. App.—Beaumont, 1970, wr. ref'd., n. r. e.), and Standard Leasing Co. v. Performance Systems, Inc., D.C. 321 F.Supp. 977 (1971) have followed the above test.

In the record before us the only reference to whether Central had done any business in Texas is in appellee's pleading wherein it was alleged that Central "although not authorized so to do, conducts business within the State of Texas, * * *." The trial court in its judgment did not find that Central had transacted any business, however "minimal", in Texas.

Art. 2031, Vernon's Ann.Tex.Civ.St., provides service of process may be served on certain officers or employees of a foreign corporation if found in this State, while Art. 2031a, V.A.T.S., and Art. 2031b provide that foreign corporations transacting any business in Texas shall designate some Texas resident as an agent for service by filing such designation with the Secretary of State, and in the event service cannot be had on such agent then service may be made upon the Secretary of State. In the case at bar a citation issued by the Dallas County District Clerk was served on Central by serving an officer of Central in Denver. It appears that Central had notice of the suit and could have defended and provided counsel in Texas, the forum state, with no unreasonable burden or inconvenience. It has been held, however, that service under Rule 108, T.R.C.P., does not give Texas courts such jurisdiction over nonresidents as will support a personal judgment. American Institute of Real Estate Appraisers v. Hawk, 436 S.W. 2d 359 (Tex.Civ.App.—Houston 14th, 1969, n. w. h.)

However, the crucial question here is whether it appears upon the face of the record that the Texas court had in personam jurisdiction. Aetna Casualty and Surety Co. v. Dobbs, 416 S.W.2d 869 (Tex.Civ. App.—Eastland, 1967, n. w. h.) It has been held that the record must affirmatively show strict compliance with the statutory mode of service, and that no presumptions are indulged of such service in a direct attack upon a default judgment as is done by writ of error, and plaintiff must plead facts which show that such defendant is within the classification of nonresidents upon which the statute authorizes service. McKanna v. Edgar, 388 S.W.2d 927 (Tex., 1965); Bankers Life and Casualty Co. v. Watson, 436 S.W.2d 404 (Tex.Civ.App.—Tyler, 1969, wr. ref'd. n. r. e.); Roberts Corporation v. The Austin Company, 487 S.W.2d 165 (Tex.Civ.App. —Houston 14th, 1972, wr. ref'd. n. r. e.); Security Savings and Loan Assn. v. Ward, 444 S.W.2d 366 (Tex.Civ.App.—El Paso, 1968, n. w. h.)

Concerning whether Central did business in Texas so as to have minimum contacts in the State, all that is shown by the record here is that appellee alleged in his pleading (1) that Central conducts business in Texas although not authorized to do so;

and (2) Central, at the request of the First National Bank of Corsicana, without authority, forwarded funds from a savings account in Central to the Corsicana bank.

In 2 McDonald, Texas Civil Practice, Sec. 929.5, p. 441, is found this language:

"The terms 'minimum contacts' and 'traditional notions of fair play'

'involve subjective judgments that must be based upon a multitude of variant factors as they are presented in a multitude of cases. The existence or nonexistence of the necessary "minimum contacts" . . must be worked out with reference to the facts of a particular case rather than in a statement of dogmatic rules or all-inclusive principles.'

'The two fundamental factors determinative of the propriety of personal jurisdiction appear to be the nature and extent of the business activities conducted by and on behalf of the foreign corporation in the forum state, and the relationship to that state and those activities of the cause of action upon which suit is founded.'

"The minimal contact requirement, however, must be satisfied by the defendant's activity  *  *  *."

We hold under the record in this case that Central has not had the necessary minimum contacts in Texas that are a prerequisite to the exercise of power over Central by Texas courts to render a judgment in personam. We believe the record here fails to meet the test set out in O'Brien v. Lanpar, supra, and followed by National Truckers Service, Inc. v. Aero Systems, Inc., supra, and Uvalde Rock Asphalt Co. v. Consolidated Carpet Corp., supra, and other cases. If service had been under Art. 2031b, the result would be the same. Appellant's point is sustained.

Judgment of the trial court is reversed and the cause is remanded.